**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **NETFLIX, INC.,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 9:22-CV-031** |
| **LUCAS BABIN,** | § | |
| *Defendant*. | § | |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER &
PRELIMINARY INJUNCTION
& ALTERNATIVE MOTION TO DELAY HEARING**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Tyler County District Attorney Lucas Babin, Defendant in the above-styled and -numbered cause, and files this his Response to Plaintiff's Motions for a Temporary Restraining Order and Preliminary Injunction, would respectfully show unto the Court as follows:

At 3:19 p.m. on March 3, 2022, counsel for Netflix, Inc. (hereinafter "Netflix") emailed Mr. Babin a copy of the Complaint for Injunctive Relief and informed Mr. Babin that "[s]ometime later today, **Netflix will also file a Motion for TRO and Preliminary Injunction, which will be heard before Judge Michael J. Truncale tomorrow at 9:00 a.m.**" (Ex. A, (emphasis supplied).) At 5:21 p.m., counsel for Netflix emailed Mr. Babin the Court's Order setting the hearing. (Ex. B.) Under the most generous calculus, Mr. Babin had approximately eighteen hours' notice of this hearing. The actual motion to be heard was not filed until the morning of the already-set hearing, precluding Mr. Babin of any reasonable notice or meaningful opportunity to respond.

Netflix takes the extraordinary – and clearly impermissible – step of asking this Court to violate the clearly-established principles of prosecutorial immunity, the *Heck* doctrine, the *Younger* Abstention Doctrine, the principles of federalism, and public policy in order to avoid the

prosecution in the state court.  Further, the inadequate notice afforded to Mr. Babin violates the principles of due process and fairness.  Therefore, Mr. Babin respectfully requests that the Court deny Netflix's request for relief.

**I.**
**ARGUMENT AND AUTHORITIES**

**A.   Netflix's Section 43.25 claims are barred by the *Younger* Abstention doctrine and the Anti-Injunction Act.**

The *Younger* Abstention Doctrine provides that a federal court must abstain from enjoining a pending state criminal proceeding.  *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).  The Fifth Circuit has concluded that *Younger* requires a federal district court to abstain from exercising jurisdiction where (1) the dispute involves an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding is implicated; and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges to overcome the presumption in favor of abstention.  *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5ᵗʰ Cir. 1996).  Each of these criteria are present in this action.

First, the underlying prosecution of which Netflix complains is admittedly ongoing.  The *Younger* Abstention Doctrine counsels "federal court abstention when there is a pending state proceeding, [and] reflects a strong policy against federal intervention in the state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff."  *Moore v. Sims*, 442 U.S. 415, 423, 99 S. Ct. 2731, 60 L. Ed. 2d 994 (1979).   Therefore, the first element of the *Younger* Abstention Doctrine is satisfied.

Under the second prong, it is axiomatic that "the state has an important interest in prosecuting state criminal violations."  *Kirabira v. Tex.*, No. 3:08cv1780, 2009 WL 80353, at *2

(N.D. Tex. Jan. 12, 2009).  Therefore, the second prong of the *Younger* Abstention Doctrine is satisfied.

For the final prong, Netflix must show that it had no opportunity to litigate the federal issue in state court.  *DeSpain v. Johnson*, 731 F.2d 1171, 1178 (5th Cir. 1984).  Federal courts "should assume that state court procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."  *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987).  "Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights."  *Middlesex County Ethics Commission v. Garden State Bar Association*, 457 U.S. 423, 431, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982).  Here, Netflix has not shown that it has been barred from challenging the constitutionality of its charges in state court or otherwise appealing an adverse finding.  Therefore, the third prong of the *Younger* Abstention Doctrine is satisfied.

In sum, the *Younger* Abstention Doctrine holds that "federal courts must refrain from considering request for injunctive or declaratory relief based on constitutional challenges to ongoing state civil proceedings."  *Price v. Porter*, 351 F. App'x 925, 927 (5th Cir. 2009).  Netflix asks the Court to do just that.  Mr. Babin respectfully requests that the court dismiss the claims concerning Texas Penal Code Section 43.25 pursuant to the *Younger* Abstention Doctrine.

## B.  Netflix cannot show that it is entitled to injunctive relief on any claim as a matter of law.

In order to obtain injunctive relief, Netflix must establish four elements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that the injunction might cause to the defendant; and (4) that the injunction will not disserve the public interest."  *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 288 (5th Cir. 2012) (citing *Tex. Med. Providers*

*Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012)).  In the present case, Netflix has not meaningfully attempted to argue that these four elements have been met.  Netflix simply masks its lack of substantive argument with conclusory and unsubstantiated personal attacks against Mr. Babin. To the extent that Netflix's argument is sufficient, any such argument must fail.

- **Netflix cannot show a substantial likelihood of success on the merits.**

First, Netflix cannot show that there is a substantial likelihood of prevailing on the merits of its claim.  Netflix's claims are based in 42 U.S.C. § 1983.  (Pl.'s Compl. [#1], pp. 17-22.)  As the elected District Attorney of Tyler County, the defense of prosecutorial immunity bars Netflix's claims against Mr. Babin.

Prosecutors are shielded by absolute prosecutorial immunity for activities "intimately associated with the judicial phase of the criminal process," including "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976).  A prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding even when the prosecutor acts maliciously, wantonly, or negligently. *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73, 113 S. Ct. 2606, 125 L. Ed.2d 128 (1992).

Absolute prosecutorial immunity applies to the actions of a prosecutor in initiating the prosecution and carrying the case through the judicial process. *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994).  This immunity protects both chief prosecutors and their assistants who perform prosecutorial functions. *Imbler*, 424 U.S. at 422, 96 S. Ct. 984.

Moreover, "[t]he prosecutor's immunity is not stripped even if he acted maliciously or in excess of his authority." *Collins v. New Orleans Police Dep't*, 247 F.3d 240 (5th Cir. 2001) (per

curiam).  "Absolute immunity shelters prosecutors even when they act "'maliciously, wantonly, or negligently.'"  *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (quoting *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985)).  "Willful or malicious conduct is egregious by definition, yet prosecutors are absolutely immune from liability for such conduct if it occurs in the exercise of their advocatory function."  *Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003).  Prosecutorial immunity is not limited to advocacy before a court, but also includes the decisions of whether and when to file criminal charges.  *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009) (per curiam).

Mr. Babin strongly denies Netflix's allegations that he acted in bad faith, with malice, or otherwise acted improperly.  Even so, however, Mr. Babin is entitled to absolute prosecutorial immunity from Netflix's underlying retaliation claims.  The likelihood of Netflix's success on the merits is far from substantial.  Therefore, Netflix has failed to meet this element of the claim for injunctive relief.

- **Netflix cannot show a substantial threat of irreparable harm if the injunction is not granted.**

In order to obtain the relief it is seeking, Netflix must show that an irreparable injury is actual and imminent.  *See*, *e.g.*, *Chacon v. Granata*, 515 F.2d 922, 925 (1975).  Speculative harm or the mere possibility of irreparable injury is not sufficient.  *Winter v. Nat. Res. Defense Counsel, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008).  Irreparable harm is one that cannot be undone.

In the present case, the harm of which Netflix complains is neither imminent nor irreparable.  Netflix asks this Court to halt its prosecution in state court under one statute, and to shield it from speculative prosecution under another.  No trial of the underlying prosecutions has yet occurred.  Therefore, the harm of which Netflix complains is premised on the sheer possibility

of an eventual trial and finding of guilt.  Premising injunctive relief on these eventualities is not sufficient to merit an injunction.

Further, Netflix's claim of irreparable harm is based on the need to hire attorneys to defend it.  (Pl.'s Compl. [#1], p. 2.)  If this amounts to irreparable harm, however, most criminal defendants in state courts would be entitled to injunctive relief in federal courts.  Netflix's suggestion is without merit.

- **The threatened injury does not outweigh the harm that injunction might cause to state and federal prosecuting attorneys, and such harm would greatly disserve the public interest.**

Netflix alleges that its constitutional rights are threatened by potentially being prosecuted without probable cause.  This argument is made in a huge number of federal and state prosecutions every day.  If this Court were to grant the relief Netflix requests, prosecuting attorneys could be hauled before federal district courts in the vast majority of criminal prosecutions.  The ensuing disruption to prosecutions – not to mention the burden on federal courts – would pose egregious harm on prosecutorial functions.

For this reason, giving Netflix the prophylactic relief it requests would greatly disserve the public interest.  Taxpayer-funded state prosecutors would spend an inordinate amount of time and public resources defending their prosecutorial discretion before substantive matters were decided by duly-elected state court judges.

In addition to the great burden this would pose on prosecutorial discretion and state resources, it would also outrage the principles of federalism.  The Supreme Court has held that "[t]he fundamental interest in federalism . . . allows individual States to define crimes, punishments, rules of evidence, and rules of criminal and civil procedure. . . ." *Danforth v. Minn*., 552 U.S. 264, 281, 128 S. Ct. 1029, 169 L. Ed. 2d 859 (2008).  "Sensitive to the principles of

equity, comity, and federalism, . . . [the Supreme Court has] recognized . . . that federal courts should ordinarily refrain for enjoining ongoing state criminal prosecutions." *Steffel v. Thompson*, 415 U.S. 452, 460, 94 S. Ct. 1209, 39 L. Ed. 2d 5050 (1974); *see also Younger*, 401 U.S. 37, 91 S. Ct. 746.  As discussed more fully above, this Court's intervention in the prosecution would violate the *Younger* Abstention Doctrine and impermissibly encroach on the State's ability to prosecute criminal defendants.  Therefore, it would greatly disserve the public interest.

### C.  Injunctive relief implicates the Heck doctrine.

In *Heck v. Humphrey*, the Supreme Court held that a civil rights claim under 42 U.S.C. § 1983 cannot be used to challenge the validity of a criminal conviction.  *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994); *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007).  A plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that violation arose from the same facts as the charge for which he was convicted unless he proves that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008).

The *Heck* doctrine applies to a § 1983 claim if it "requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Id.*; see also *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006).  Indeed, a plaintiff's claim is barred by *Heck* "despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *Bush*, 513 F.3d at 498 n. 14 (quoting *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006)).  Stated differently, it is "irrelevant that [a plaintiff] disclaims any intention of challenging

his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Daigre v. City of Waveland, Miss.*, 549 F. App'x 283, 286 (5th Cir. 2013) (quoting *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)).

Prior to the application of a *Heck* bar to suit, while the parallel criminal case is pending the Supreme Court has held that (as in the present case):

> [i]f a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Wallace v. Kato*, 549 U.S. 384, 393–94, 127 S. Ct. 1091, 1098, 166 L. Ed. 2d 973 (2007); s*ee also De La Garza v. City of New Braunfels,* 5:19-CV-01455-XR, 2021 WL 3620440, at *6 (W.D. Tex. Aug. 16, 2021) ("Because Plaintiff's civil rights claims are interrelated with the pending state criminal proceedings, it would be futile to proceed with this civil rights case until the criminal proceedings are resolved.").

In the present case, Netflix's claims necessarily imply the invalidity of the criminal charges against it.  According to *Heck* and its progeny, Netflix's constitutional claims are premature and must be dismissed until the prosecution is completed and any conviction is set aside.

### D.  Alternative Motion to Stay

Under Federal Rule of Civil Procedure 65, a "court may issue a preliminary injunction only on notice to the adverse party."  FED. R. CIV. P. 65(a)(1).  "The notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Harris Cnty. v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 325 (5th Cir. 1999) (quoting *Granny Goose Foods, Inc. v.*

*Brotherhood of Teamsters & Auto Truck Drivers, Loc. No. 70*, 415 U.S. 423, 434 n. 7, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974)).

In the present case, Mr. Babin was given approximately eighteen hours' notice of the hearing on the preliminary injunction. This "notice" did not provide Mr. Babin the opportunity to meaningfully oppose Netflix's application for injunctive relief or prepare for such opposition. Therefore, conducting the hearing on such short notice violates Mr. Babin's right to due process and the fundamental principles of fairness. In the event the Court requires further briefing on the issues presented, Mr. Babin respectfully requests that the Court postpone the hearing in order to provide Mr. Babin with the opportunity to meaningfully prepare his opposition to the relief Netflix seeks.

## II.
## <u>CONCLUSION</u>

**WHEREFORE, PREMISES CONSIDERED**, Mr. Babin respectfully requests that the Court deny Netflix's claims in their entirety. In the alternative, Mr. Babin requests that the Court delay the hearing on the preliminary injunction and, after adequate notice and opportunity to respond is given, reset this matter for hearing at a future date. Mr. Babin also respectfully requests any and all other relief, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General
Attorney-In-Charge
State Bar No. 24065628

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 (Phone No.)
(512) 936-2109 (Fax No.)

**ATTORNEYS FOR BABIN**

**NOTICE OF ELECTRONIC FILING**

I, **CHRISTOPHER LEE LINDSEY**, Assistant Attorney General of Texas, certify that I
have electronically submitted for filing a true and correct copy of the foregoing in accordance with
the Electronic Case Files system of the Eastern District of Texas, on this the 4th day of March,
2022.

*/s/ CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **CHRISTOPHER LEE LINDSEY**, Assistant Attorney General, do hereby certify that
a true and correct copy of the foregoing has been served on all parties by email and by the Court's
electronic noticing system, on this the 4th day of March, 2022.

*/s/CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General