IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| NETFLIX, INC., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 9:22-CV-031 |
| LUCAS BABIN, | § | |
| *Defendant*. | § | |

### DEFENDANT'S ORIGINAL ANSWER & AFFIRMATIVE DEFENSES

Defendant Lucas Babin submits this original answer to Plaintiff's complaint for injunctive relief and asserts his entitlement to specified affirmative defenses.

### GENERAL DENIAL

Pursuant to FED. R. CIV. P. 8(b), and for the express purpose of requiring Plaintiff to meet its burden of proof, Defendant denies each and every allegation contained in the complaint, except those expressly admitted herein.

### SPECIFIC ADMISSIONS AND DENIALS

1. Defendant admits the identification of parties in Paragraphs 1 and 2.

2. Defendant admits that this Court has personal jurisdiction over him.

3. Defendant denies that this Court has subject matter jurisdiction over Plaintiff's claims. Defendant asserts that Plaintiff's claims concerning enforcement of Texas Penal Code Section 43.25 are barred by the Younger abstention doctrine. Defendant asserts that Plaintiff lacks standing to proceed on any claim concerning enforcement of Texas Penal Code Section 43.262 because it is absolutely clear that any allegedly wrongful behavior could not be reasonably expected to recur, and Plaintiff's claims are thus moot.

4. Defendant does not contest venue.

5. Defendant admits that in September 2020 he obtained an indictment of Plaintiff for violation Texas Penal Code Section 43.262 – PROMOTION OF LEWD VISUAL MATERIAL DEPICTING CHILD.

6. Defendant admits that he successfully moved to dismiss the Section 43.262 charge on March 2, 2022. Defendant admits that he moved to dismiss without prejudice, accurately affirming that the "charged portion of Texas Penal Code 43.262 is constitutional," and also that "the facts of this case are better suited for other statutes."

7. Defendant admits that in February 2022 he obtained four indictments of Plaintiff – for each identified victim – for violations of Texas Penal Code Section 43.25(d) – SEXUAL PERFORMANCE BY A CHILD. Defendant admits that these indictments remain pending.

8. Defendant denies that Plaintiff has ever produced official documentation or other verifiable proof that the Jane Doe dancer "Sweety Swaag" was over 18 years of age at the time of filming.

9. Defendant denies Plaintiff's characterization of the <u>Lowry</u> decision in Paragraphs 42 and 43. The <u>Lowry</u> decision, which is currently pending review by the Texas Supreme Court, specifically limited its application to the "possession" application of the Section 43.262, which is not relevant to Plaintiff's claims. The <u>Lowry</u> decision also made no rulings concerning Defendant's prosecution of Plaintiff and took no binding position thereon.

10. Defendant denies that oral arguments of another county's district attorney in unrelated legal matters are in any way binding on Defendant.

11. Defendant denies that he purposefully delayed any criminal proceeding, or that

any delay occurred with the intent or purpose to retaliate against Plaintiff, or to chill Plaintiff's right to free speech.

12.  Defendant denies that he dismissed Plaintiff's charge under Section 43.262 with any intent to retaliate against Plaintiff, or to chill Plaintiff's right to free speech, or to otherwise affect Plaintiff's constitutional rights in any way.

13.  Defendant denies that he sought and obtained indictments of Plaintiff under Section 43.25 in bad faith, or with knowing lack of probable cause, or for any purpose other than to faithfully execute his duties as Criminal District Attorney of Tyler County, Texas.

## AFFIRMATIVE DEFENSES

1.  Defendant denies that he acted separately or in concert with others to engage in illegal conduct to injure Plaintiff.

2.  Defendant admits that causes of action may be stated under certain circumstances pursuant to 42 U.S.C. § 1983 but denies that such circumstances are present in this case.

3.  Defendant denies that Plaintiff was deprived of any right, privilege, or immunity granted or secured by the Constitution and laws of the United States.

4.  Defendant asserts that the independent intermediary doctrine bars any claim premised on an allegation that Defendant lacks probable cause to prosecute Plaintiff for violation of Texas Penal Code Sections 43.25 or 43.262.

5.  Defendant asserts that Plaintiff's claims concerning enforcement of Texas Penal Code Section 43.25 are barred by the Younger abstention doctrine.

6.  Defendant asserts that Plaintiff lacks standing to proceed on any claim concerning enforcement of Texas Penal Code Section 43.262 because it is absolutely clear that any allegedly

wrongful behavior could not be reasonably expected to recur, and Plaintiff's claims are thus moot.

7. Defendant asserts that any claim premised upon acts of negligence will not support a constitutional claim under 42 U.S.C. § 1983.

8. Defendants assert that any claim premised upon the doctrine of respondeat superior will not support a constitutional claim under 42 U.S.C. § 1983.

9. Defendants assert the defenses of res judicata, statute of limitations, laches, estoppel, and waiver to Plaintiff's claims in this lawsuit.

10. Defendant asserts his entitlement to absolute prosecutorial immunity to suit.

11. Defendant asserts that Plaintiff may have failed to mitigate or avoid injury, or failed to take advantage of the remedial measures for the conditions alleged, and that none of such alleged conditions or risk of harm, if any, have been the result of any unconstitutional act by Defendant.

12. Defendant asserts his right to raise additional defenses that become apparent throughout the factual development of the case.

13. Defendant denies that Plaintiff is entitled to injunctive, declaratory, or any other relief demanded in the complaint.

**LUCAS BABIN**
**CRIMINAL DISTRICT ATTORNEY**
Tyler County, Texas
100 West Bluff, Courthouse Annex
Woodville, Texas  75979
Ph:  409-283-8136
Fx:  409-283-6128
l.babin@co.tyler.tx.us

*/s/ CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Special Prosecutor for Tyler County
Assistant Attorney General

                Attorney-In-Charge
                State Bar No. 24065628

                P.O. Box 12548, Capitol Station
                Austin, Texas 78711
                (512) 463-2157 (Phone No.)
                (512) 370-9314 (Fax No.)

### NOTICE OF ELECTRONIC FILING

I, **CHRISTOPHER LEE LINDSEY**, certify that I have electronically submitted for filing a true and correct copy of the foregoing in accordance with the Electronic Case Files system of the Eastern District of Texas, on this the 21st day of March, 2022.

                */s/ CHRISTOPHER LEE LINDSEY*
                **CHRISTOPHER LEE LINDSEY**
                Special Prosecutor for Tyler County

### CERTIFICATE OF SERVICE

I, **CHRISTOPHER LEE LINDSEY**, do hereby certify that a true and correct copy of the foregoing has been served on all parties by the Court's electronic noticing system, on this the 21st day of March, 2022.

                */s/CHRISTOPHER LEE LINDSEY*
                **CHRISTOPHER LEE LINDSEY**
                Special Prosecutor for Tyler County