**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **NETFLIX, INC.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 9:22-CV-0031** |
| | § | |
| **LUCAS BABIN,** | § | |
| **Defendant.** | § | |

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY OPPOSED
MOTIONS TO OBTAIN GRAND JURY DISCOVERY
& CONTINUE DEFENDANT'S MSJ**

---

**I.      OBTAINING GRAND JURY DISCOVERY**

Netflix moves to conduct discovery on the proceedings of the Tyler County Grand Jury concerning its indictments of Netflix under Texas Penal Code Sections 43.262 and 43.25. Netflix claims that because Babin has raised the independent intermediary defense to the claims in this matter, grand jury proceedings are "directly at issue" and unqualifiedly subject to discovery. Netflix asserts that "the defense applies only if Babin … proves that he presented all of the facts to the grand jury and omitted nothing material." Netflix, not for the first time, completely misrepresents the law and baldly inverts the burden of proof.

In the very case that Netflix cites for its assertion that Babin somehow has the evidentiary burden to prove his affirmative defense, the prosecutor was found not liable because the civil plaintiff failed to prove causation.[1] Such failure was found explicitly

---

[1]      Hand v. Gary, 838 F.2d 1420, 1428 (5th Cir. 1988).

because, regarding any allegation of tainted grand jury proceedings, "there is no such evidence."[2]

The situation with which Netflix presents this Court was squarely dealt with by the Fifth Circuit in a case cited in Babin's MSJ. In Craig v. Dallas Area RTA, the plaintiff, like Netflix, argued that the relevant grand jury deliberations were tainted, in order to defeat summary judgment.[3] The Fifth Circuit concluded that a plaintiff cannot defeat the independent intermediary defense, and thus summary judgment, only with "a mere allegation of taint."[4] There is a "presumption that an independent intermediary breaks the chain of causation," and it is the plaintiff's duty to "affirmatively show[]" evidence of grand jury impropriety to overcome that presumption.[5]

The Court should take note that Netflix has not even *alleged* grand jury taint. No such allegation, nor any challenge to the grand jury proceedings at all, appear in the Complaint. Netflix simply faces an unanticipated affirmative defense on summary judgment, and seeks *carte blanche* to discover some, yet unknown, way around it. Netflix should be afforded no such extraordinary privilege.

The above notwithstanding, grand jury proceedings in Texas are secret.[6] Babin, as an attorney representing the State of Texas, is forbidden by law to disclose "anything

---

[2]     Id.

[3]     504 Fed. Appx. 328 (5th Cir. 2012).

[4]     Id. at 332.

[5]     Id. at 332-33.

[6]     Tex. Code Crim. Proc. Art. 20A.202.

transpiring before the grand jury" except under narrow exceptions.[7] The only possible exception applicable here is found in Texas Code of Criminal Procedure Article 20A.205, which permits a criminal defendant to petition for disclosure of grand jury information. Such a petition, however, "must be filed in the district court in which the case is pending," in addition to other requirements.[8] Netflix has filed no proper petition for grand jury information, and this is not its criminal trial court. The relief Netflix seeks would therefore compel Babin to choose between violation of state law and contempt of this Court. At the very least, the interests of justice preclude this result.

The Fifth Circuit has also squarely dealt with this issue. In Shields v. Twiss, a §1983 plaintiff sought grand jury discovery to prove taint in the relevant proceedings.[9] The Court counseled that "under both federal and state law, a general rule of secrecy shrouds the proceedings of grand juries."[10] Only when a "particularized need" is demonstrated may discovery of grand jury material possibly be permitted.[11] The Shields Court found, however, that it is the plaintiff's threshold burden to "put forward any evidence whatsoever" showing that evidence was withheld from the grand jury.[12] Absent any such

---

[7]     Tex. Code Crim. Proc. Art. 20A.204.

[8]     Tex. Code Crim. Proc. Art. 20A.205(b).

[9]     389 F.3d 142 (5th Cir. 2004).

[10]     Id. at 147.

[11]     Id. (citing repealed Tex. Code Crim. Proc. Art. 20.02(d)) ("particularized need" requirement now appears in Tex. Code Crim. Proc. Art. 20A.205(a)).

[12]     Id. at 148.

evidence, a federal court cannot "justify a fishing expedition into the proceedings of the grand jury."[13] Here, as in <u>Shields</u>, Netflix has no evidence whatsoever to justify its proposed fishing expedition – and certainly no demonstration of particularized need – and its motion to obtain grand jury discovery must be denied.

## II.    CONTINUING BABIN'S MSJ

Rule 56(d) motions are broadly favored, and the rule is designed to "safeguard non-moving parties from summary judgment motions that they cannot adequately oppose."[14] The Rule 56(d) movant, however, "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts."[15] A motion to postpone summary judgment under Rule 56(d) must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."[16] Rule 56(d) does not "permit a plaintiff to 'go fishing.'"[17]

As shown above, Netflix wishes to simply "go fishing" for some evidence which might defeat Babin's MSJ. Legal bars aside, Netflix has set forth no plausible basis to

---

[13]    <u>Id.</u>

[14]    <u>Culwell v. City of Fort Worth</u>, 468 F.3d 868, 871 (5th Cir. 2006).

[15]    <u>SEC v. Spence & Green Chem. Co.</u>, 612 F.2d 896, 901 (5th Cir. 1980).

[16]    <u>Raby v. Livingston</u>, 600 F.3d 552, 561 (5th Cir. 2010).

[17]    <u>Kean v. Jack Henry & Assocs., Inc.</u>, 577 Fed. Appx. 342, 347 (5th Cir. 2014).

believe any such evidence exists, or how such imaginary evidence will influence the outcome of Babin's motion. The motion must be denied.

The foregoing notwithstanding, Netflix claims that its failure to previously engage in any sort of discovery until the day after Babin's MSJ was filed is due to its adherence to the technicalities of Rule 26. Specifically, Netflix claims that, pursuant to Rule 26(d), it could not engage in discovery prior to a Rule 26(f) conference and are now presented with a "surprise motion." This assertion is disingenuous at best. The parties did confer early in March, during which conference Netflix asserted that no formal scheduling was needed in this matter, but that counsel would nonetheless "propose some dates" to aid the Court in managing this case. Counsel for Netflix also stated that they anticipated Babin would file a dispositive motion, and anticipated exchange of discovery. No schedule was ever proposed, and Netflix did nothing else to advance this matter prior to the MSJ's filing. Babin respectfully asserts that he is not obligated to permit Netflix to play for time until the final trial, when he has multiple grounds for pretrial dismissal as a matter of law.

Nonetheless, given that Netflix insists on technicalities, on technicalities its protestations should fall. Rule 26(d) specifically excludes any proceeding exempted from initial disclosure under Rule 26(a)(1)(B). Rule 26(a)(1)(B)(viii) exempts "a proceeding ancillary to a proceeding in another court." This matter is quite explicitly ancillary to the criminal proceedings against Netflix in the 1A District Court of Tyler County. Rule 26(d) timing therefore does not apply to this matter, and Netflix has no excuse for its failure to diligently pursue discovery prior to Babin's MSJ.

Babin also briefly addresses Netflix's odd assertion that it need not respond to the MSJ until the final injunction hearing, pursuant to Rule 65(a). This rule specifically pertains to evidence received at a hearing on a *preliminary* motion and permits such evidence to be advanced to the trial without the need for reintroduction.[18] This rule has absolutely nothing to do with a motion for summary judgment, which seeks to preempt trial altogether.[19] Netflix is obligated to respond to Babin's MSJ, with affirmative evidence, prior to trial.[20]

## III.   PRAYER

Defendant Lucas Babin respectfully requests that Netflix's motion to conduct grand jury discovery and motion to continue the motion for summary judgment be denied.

**LUCAS BABIN**
**CRIMINAL DISTRICT ATTORNEY**
Tyler County, Texas
100 West Bluff, Courthouse Annex
Woodville, Texas 75979
Ph:  409-283-8136
Fx:  409-283-6128
l.babin@co.tyler.tx.us

*/s/ CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Special Prosecutor for Tyler County

---

[18]    Fed. R. Civ. P. 65(a)(2).

[19]    Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

[20]    Id. at 249-250; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Assistant Attorney General
Attorney-In-Charge
State Bar No. 24065628

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2157 (Phone No.)
(512) 370-9314 (Fax No.)


<u>**CERTIFICATE OF SERVICE**</u>

I, **CHRISTOPHER LEE LINDSEY**, do hereby certify that a true and correct copy

of the foregoing has been served on all parties by the Court's electronic noticing system,

on this the 19th day of April, 2022.

*/s/CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Special Prosecutor for Tyler County