IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| NETFLIX, INC., <br>     Plaintiff, | § <br> § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. 9:22-CV-0031 |
| LUCAS BABIN, <br>     Defendant. | § <br> § <br> § | |

## DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S EMERGENCY OPPOSED MOTION TO OBTAIN GRAND JURY DISCOVERY

Defendant Lucas Babin supplements his response to Netflix's motion to obtain grand jury discovery solely to address a question raised by the Court. At the hearing on Netflix's motion the Court questioned undersigned counsel as to the applicability of United Stated Magistrate Judge Robert Castaneda's 2019 ruling in Sanchez v. Gomez,[1] in which grand jury transcripts were ordered to be disclosed to the plaintiff.

The Sanchez case is distinguishable from the present matter in numerous ways. First, the relevant evidence in Sanchez was known to exist. Second, and most importantly, the evidence had already been disclosed. It was given by the federal defendant to an expert witness and was the basis for that witness's report in the federal case. Third, the evidence was known to be relevant to the federal matter *because* the federal defendant in possession of the evidence used it as the basis for his expert report. Fourth, disclosure was necessary to prevent injustice because the plaintiff could not test, rebut, or cross-examine the expert

---

[1]  2019 U.S. Dist. 239009, 2019 WL 12536398 (W.D. Tex., Apr. 29, 2019).

without the evidence used to formulate his opinions. None of these factors are present in this matter.

The Court should also note that the Western District recognized in a footnote the likelihood of state ramifications for the federal defendant being compelled to disclose state grand jury evidence. Judge Castaneda found, however, that the federal defendant had already created this problem for himself. Babin has made no such error and should not be ordered by this Court to do so.

Defendant Lucas Babin reasserts that it is unprecedented for a federal court to order a Texas prosecutor to disclose Texas grand jury evidence that has not already been disclosed, or for which there is no known evidence of taint. Babin respectfully requests that Netflix's motion to conduct grand jury discovery be denied.

**LUCAS BABIN**
**CRIMINAL DISTRICT ATTORNEY**
Tyler County, Texas
100 West Bluff, Courthouse Annex
Woodville, Texas 75979
Ph:  409-283-8136
Fx:  409-283-6128
l.babin@co.tyler.tx.us

*/s/ CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Special Prosecutor for Tyler County

Assistant Attorney General
Attorney-In-Charge
State Bar No. 24065628

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2157 (Phone No.)
(512) 370-9314 (Fax No.)

## **CERTIFICATE OF SERVICE**

I, **CHRISTOPHER LEE LINDSEY**, do hereby certify that a true and correct copy of the foregoing has been served on all parties by the Court's electronic noticing system, on this the 22nd day of April, 2022.

                                        */s/CHRISTOPHER LEE LINDSEY*
                                        **CHRISTOPHER LEE LINDSEY**
                                        Special Prosecutor for Tyler County