IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| NETFLIX, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:22-CV-00031 |
| | § | JUDGE MICHAEL J. TRUNCALE |
| LUCAS BABIN, | § | |
| | § | |
| *Defendant.* | § | |

**ORDER DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME [DKT. 35] AND DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [DKT. 36]**

The matters before the Court are the Defendant, LUCAS BABIN's *Motion for Extension of Time to Comply with the Court's Order Granting Grand Jury Discovery* [Dkt. 35] and *Motion for the Court to Reconsider and Reverse its Order Granting Grand Jury Discovery* [Dkt. 36]. For the following reasons, both motions are **DENIED**.

**ANALYSIS**

**I.   Motion for Extension of Time [Dkt. 35].**

In the Court's prior *Order Granting Netflix Inc's Emergency Motion to Obtain Grand Jury Discovery* [Dkt. 34], the Defendant, Lucas Babin, was ordered to:

> [P]roduce the materials requested in Netflix's Requests for Production Nos. 1–3, and respond to Netflix's Second Set of Interrogatories Nos. 15–20 **WITHOUT OBJECTION** and **SUBMIT** the same for *in camera* inspection by this Honorable Court no later than **3:00pm on Thursday, May 12, 2022**.

[Dkt. 34 at 15].

The Court recognized that it was setting an "expedited" deadline for compliance, but noted three reasons that justified its doing so. First, the requested materials were likely already in Babin's possession. *Id.* at 15 n.12.[1] Second, Babin waived the right to object regarding any purported

---

[1] Babin has since *admitted* that those materials are in his possession. [Dkt. 35 at 2].

logistical difficulties in producing the requested materials or responding to Netflix's interrogatories. *Id.* at 15 n.12 (citing *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)). Finally, the Court expressed concern about the approaching hearing date. *Id.* Accordingly, in the interest of securing justice for all parties, this Court explained it would allow no further delays due to this discovery dispute. *Id.*

In his recently filed motions, Babin admitted that the Court may have been "correct about all the responsive material being within [his] possession." [Dkt. 35 at 2]. He also "recognize[d]" the Court's concern about the "approaching hearing date." *Id.* However, he argues now that he lacks sufficient time to ensure that his compliance will be "diligent and completely accurate," that these particular requests "endanger his elected office," and that he should be given more time before turning the materials and interrogatory responses over to Netflix.[2]

The Court's prior order did not direct Babin to turn these materials over to Netflix, only to submit them to this Court for its *in camera* inspection. Furthermore, the Court was clear that its former order did not constitute a final determination in this discovery dispute:

> As a final safeguard, the Court **ORDERS** that the requested materials and interrogatory responses be submitted for its *in camera* inspection. *See Dennis*, 384 U.S. at 874 (explaining that "*in camera* inspection by the trial judge . . . may be useful in enabling the trial court to rule on a defense motion for production to it of grand jury testimony"). After the submitted materials and interrogatory responses have been inspected, the Court will enter a ***further order*** consistent with its *in camera* findings.

[Dkt. 34 at 14] (emphasis added). Accordingly, nothing would prevent Babin, during the pendency of this Court's *in camera* inspection of the submitted materials, from "assur[ing] that he chooses the wisest and most accurate course in all things." [Dkt. 35 at 2].

---

[2] Babin also argued that he is entitled to "30 days" to respond, citing Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A), but omitted the identical language in both of those rules which provides that "[a] shorter or longer time may be . . . *ordered* by the court." FED. R. CIV. P. 33(b)(2); 34(b)(2)(A) (emphasis added). In the Court's prior order, Babin was "**ORDERED**" to comply "no later than **3:00pm on Thursday, May 12, 2022**." [Dkt. 34 at 15].

Therefore, Babin's *Motion for Extension of Time to Comply with the Court's Order Granting Grand Jury Discovery* [Dkt. 35] is **DENIED**.[3]

## II.  Motion for Reconsideration and Reversal of the Court's Prior Order [Dkt. 36].

The Court turns next to Babin's *Motion for the Court to Reconsider and Reverse its Order Granting Grand Jury Discovery* [Dkt. 36]. The motion is deficient in at least two ways. First, Babin assumes that this Court's prior order constitutes a final determination of these discovery issues. It does not. These materials are only being turned over for the *Court*'s own inspection. [Dkt. 34 at 14] (citing *Dennis*, 384 U.S. at 874 (explaining that "*in camera* inspection by the trial judge . . . may be useful in enabling the trial court to rule on a defense motion for production to it of grand jury testimony")). It is only *after* the "submitted materials and interrogatory responses have been inspected" that the Court will enter an order consistent with its *in camera* findings, *i.e.*, on whether these materials should ultimately be turned over to Netflix. *Id.*

Babin's second contention is that there is an insufficient basis for a *prima facie* allegation of grand jury taint. But this Court's prior order was replete with examples of Netflix's allegations of "bad faith" and "gamesmanship" that it contends may have tainted the underlying grand jury proceedings. [*See, e.g.*, Dkt. 34 at 1–3].[4] The Fifth Circuit recently clarified that a plaintiff's *prima facie* burden in alleging grand jury taint is not especially onerous:

> This court has squarely addressed a plaintiff's burden at the pleading stage with respect to the taint exception. At the pleading stage, mere allegations of taint may be adequate to survive a motion to dismiss where the complaint alleges other facts supporting the inference. As always, the court must accept all factual allegations as true, evaluating whether the complaint states a plausible claim. Given  that a general

---

[3] The Court will also note that pursuant to Federal Rule of Civil Procedure 37(b), any failure to comply with this Court's discovery orders may result in serious sanctions, which could include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." FED. R. CIV. P. 37(b)(2)(A)(ii).

[4] The Court will not recount those allegations in detail, or the others referenced within this Order. It does so to protect the dignity of the parties at this preliminary stage in the litigation, and due to its decision to defer the consideration of Babin's motion for summary judgment until after the hearing on Netflix's request for injunctive relief.

> rule of secrecy shrouds the proceedings of grand juries, it is understandably difficult for a plaintiff to know what was said—or wasn't said—to the grand jury absent any form of discovery. While that reality doesn't excuse pleading requirements, it does mean that allegations about what was presented or omitted in the grand jury room will in some sense be speculative, which is why plaintiffs like the ones here will need to allege other facts supporting the inference of what they allege to have occurred in the grand jury room.

*Wilson v. Stroman*, No. 20-50367, 2022 WL 1261660, at *7–8 (5th Cir. Apr. 28, 2022) (internal citations removed) (cleaned up). The Court finds that Netflix has carried this minimal burden.

To the extent Babin remains concerned that Netflix cannot make a *prima facie* allegation of grand jury taint, the Court provides the following gloss. In addition to the weighty allegations referenced in the Court's prior order, there are other specific, and troubling allegations in Netflix's pleadings that the Court has considered closely. [Dkt. 24 at 4, 8–9]. Moreover, like the plaintiffs in *Wilson*, Netflix alleged at the hearing that Babin's selective presentation of summary judgment evidence, [Dkt. 22 at 17], to this Court was reflective of "specific representations and omissions that [he] also made to the grand jury." *Wilson*, 2022 WL 1261660, at *8. In light of the absence of evidence presented by Babin, the Court **CONCLUDES** that Netflix has met its *prima facie* burden of production.

Therefore, Babin's *Motion for the Court to Reconsider and Reverse its Order Granting Grand Jury Discovery* [Dkt. 36] is **DENIED**.

## CONCLUSION

It is therefore **ORDERED** that the Defendant, LUCAS BABIN's *Motion for Extension of Time to Comply with the Court's Order Granting Grand Jury Discovery* [Dkt. 35] and *Motion for the Court to Reconsider and Reverse its Order Granting Grand Jury Discovery* [Dkt. 36] are **DENIED**. The deadline for compliance remains unchanged. Babin **SHALL** produce the materials requested in Netflix's Requests for Production Nos. 1–3, and respond to Netflix's Second Set of Interrogatories Nos. 15–20 **WITHOUT OBJECTION** and **SUBMIT** the same for *in camera*

4

inspection by this Honorable Court no later than **3:00pm on Thursday, May 12, 2022**.

**SIGNED this 11th day of May, 2022.**

*Michael J. Truncale*
Michael J. Truncale
United States District Judge

5