IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| NETFLIX, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:22-CV-00031 |
| | § | JUDGE MICHAEL J. TRUNCALE |
| LUCAS BABIN, | § | |
| | § | |
| *Defendant*. | § | |

## SUPPLEMENTAL ORDER ON GRAND JURY DISCOVERY

In his most recent filing, Babin criticized this Court for its "manifestly incorrect conclusions of law," for "trampl[ing] federalism," "ignor[ing] the sovereignty of the State of Texas," "eviscerat[ing] both the independent intermediary doctrine and the process of criminal justice in Texas," for its "usurpation of sovereign power," for "interfer[ing] with an ongoing state proceeding," and "ignor[ing] clear precedent." [Dkt. 36 at 1–7]. Upon closer inspection, these remarks are "full of sound and fury, signifying nothing."[1]

The catalyst for Babin's obloquy was this Court's determination, in accordance with many of our sister courts' decisions,[2] that FED. R. CRIM. P. 6(e) should apply instead of TEX. CODE CRIM. P. art. 20A.205 in assessing whether the grand jury materials should be disclosed. Perhaps lost in all the noise, however, was this Court's recognition that long-standing precedent provides the rule of decision here. Pursuant to *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938) and its progeny, and as this Court recently reaffirmed in *Delarosa v. Great Neck Saw Mfrs.*, No. 1:20-CV-00402, 2021 WL 4618586 (E.D. Tex. Sept. 30, 2021), federal procedure must apply unless doing so would

---

[1] WILLIAM SHAKESPEARE, MACBETH, Act 5, scene 5 (1623).

[2] *Simpson v. Hines*, No. B-88-00316-CA, 729 F. Supp. 526 (E.D. Tex. 1989) (Cobb, J.), *Ramirez v. Abreo*, No. 5:09-CV-190-C, 2010 WL 11470102 (N.D. Tex. 2010) (Cummings, J.), and *Sanchez v. Gomez*, No. EP-17-CV-00133-PRM, 2019 WL 12536398 (W.D. Tex. 2019) (Castaneda, M.J.).

"abridge, enlarge, or modify" the substantive rights of the litigants.[3]

Here, this Court's decision to apply the procedure of Rule 6(e) instead of the state procedure outlined in Article 20A.205 passes muster under *Erie*, because as the Fifth Circuit recognized in *Shields v. Twiss*, 389 F.3d 142, 147 (5th Cir. 2004), federal courts and Texas state courts apply the same *substantive* "particularized need" standard in deciding whether grand jury materials should be disclosed. Thus, federal law mandates the application of Rule 6(e), because it does not "abridge, enlarge, or modify" any of the litigants' substantive rights.

**SIGNED this 12th day of May, 2022.**

_____
Michael J. Truncale
United States District Judge

---

[3] *See also Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 409 n.1 (5th Cir. 2006) (recognizing that "[t]he *Erie* case and the Supreme Court decisions following it apply in federal question cases as well.").