# No. ___

# In the United States Court of Appeals for the Fifth Circuit

In re Lucas Babin,
*Petitioner.*

On petition for writ of mandamus
to the United States District Court
for the Eastern District of Texas, Lufkin Division

## PETITION FOR WRIT OF MANDAMUS

Lucas Babin
Criminal District Attorney
Tyler County, Texas

100 West Bluff, Courthouse Annex
Woodville, Texas 75979
Tel.: (409) 283-8136
Fax: (409) 283-6128

Christopher Lee Lindsey
Special Prosecutor
Tyler County, Texas

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 463-2157
Fax: (512) 370-9314

*Counsel for Petitioner

# I. Certificate of Interested Persons

No. ____

In re Lucas Babin,

*Petitioner.*

Under the fourth sentence of Fifth Circuit Rule 28.2.1, petitioner, as a governmental party, need not furnish a certificate of interested persons.

/s/ Christopher Lee Lindsey
Christopher Lee Lindsey
*Counsel for Petitioner*

i

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS ............................. i
TABLE OF CONTENTS ........................................................... ii
TABLE OF AUTHORITIES ..................................................... iv
STATEMENT OF RELIEF SOUGHT ........................................ 1
STATEMENT OF JURISDICTION ........................................... 1
ISSUES PRESENTED ............................................................. 1
STATEMENT OF FACT .......................................................... 2
SUMMARY OF THE ARGUMENT .......................................... 5
STANDARD OF REVIEW ....................................................... 6
ARGUMENT ........................................................................... 6
   I. The District Court Lacks Jurisdiction to Enjoin an Ongoing Criminal Prosecution ........................................................ 6
   II. The District Court's Broad Discovery Order Cannot Be Justified Under the Independent Intermediary Doctrine ...... 9
   III. The District Court Has No Jurisdiction Under State Law ................................................................................. 11
   IV. The District Court Ordered Petitioner to Violate State Law ................................................................................. 12

CONCLUSION ...................................................................... 13
CERTIFICATE OF SERVICE ................................................. 15
CERTIFICATE OF COMPLIANCE ........................................ 15

# Table of Authorities

Page(s)

Cases

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ...................................................................................................8

*Atascadero St. Hosp. v. Scanlon*,
 473 U.S. 234 (1985) .................................................................................................12

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ...................................................................................................8

*Cheney v. U.S. Dist. Ct. for D.C.*,
 542 U.S. 367 (2004) ...............................................................................................1, 6

*Coll. Sav. Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.*,
 527 U.S. 666 (1999) .................................................................................................12

*Craig v. Dallas Area RTA*,
 504 Fed. Appx 328 (5th Cir. 2012) ...........................................................................9

*Doran v. Salem Inn, Inc.*,
 422 U.S. 922 (1975) ...................................................................................................7

*Hand v. Gary*,
 838 F.2d 1420 (5th Cir. 1988) ...................................................................................9

*Hicks v. Miranda*,
 422 U.S. 332 (1975) ...................................................................................................8

*In re Gee*,
 941 F.3d 153 (5th Cir. 2019) ...............................................................................7, 12

*McLin v. Ard*,
 866 F.3d 682 (5th Cir. 2017) ...................................................................................10

*Pulliam v. Allen*,
 466 U.S. 522 (1984) .................................................................................................12

*Ramirez v. Abreo*,
 2010 U.S. Dist. 147246, 2010 WL 11470102 (N.D. Tex. 2010) .............................11

*Sanchez v. Gomez*,
 2019 U.S. Dist. 239009, 2019 WL 12536398 (W.D. Tex. 2019) .............................11

*Shields v. Twiss*,
 389 F.3d 1427 (5th Cir. 2004 ...................................................................................10

*Simpson v. Hines*,
 729 F. Supp. 526 (E.D. Tex, 1989) ..........................................................................11

*Tex. Ass'n of Bus. v. Earle*,
 388 F.3d 515 (5th Cir. 2004) .................................................................................6, 8

*Wilson v. Stroman*, ___4th___,
  2022 U.S. App. LEXIS 11532 at *2 (5th Cir. 2022) ........................................... 10
*Younger v. Harris*,
  401 U.S. 37 (1971) ................................................................................................ 1

     Statutes

28 U.S.C. section 1651 ................................................................................................ 1
42 U.S.C. § 1983 ......................................................................................................... 4
Tex. Code Crim. Proc. Art. 20A.202 ........................................................................ 11
Tex. Code Crim. Proc. Art. 20A.204 .................................................................. 11, 13
Tex. Code Crim. Proc. Art. 20A.205(b) .................................................................... 11
Texas Code of Criminal Procedure Article 20A.205 .................................... 7, 11, 12
Texas Penal Code Section 43.25 ................................................................................. 4
Texas Penal Code Section 43.25(d) .................................................................... 3, 4, 6
Texas Penal Code Section 43.262 ..................................................................... 2, 3, 4, 5

     Rules

Federal Rule of Appellate Procedure 32(a)(7)(B) .................................................... 15
Rule 32(a)(5) ............................................................................................................. 15
Rule 32(a)(6) ............................................................................................................. 15
Rule 32(f); and (2) ..................................................................................................... 15

## STATEMENT OF RELIEF SOUGHT

Petitioner Lucas Babin, the Criminal District Attorney of Tyler County, Texas, seeks relief from a federal district court order requiring him to respond to wide-ranging discovery into Texas grand jury proceedings that resulted in Netflix, Inc.'s indictment for violations of the Texas Penal Code. By separate motion, petitioner requests that the Court stay the trial court's May 9, 2022, order pending resolution of this petition.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to issue a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. section 1651. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004).

## ISSUES PRESENTED

1. Did the district court clearly and indisputably err in ordering discovery into secret grand jury proceedings in an ongoing criminal matter in violation of *Younger v. Harris*, 401 U.S. 37 (1971)?

2. Did the district court clearly and indisputably err in ordering discovery into secret grand jury proceedings without any allegation or evidentiary showing that the grand jury proceedings were "tainted?"

3. Did the district court clearly and indisputably err in finding that Texas law provides a federal court jurisdiction to order disclosure of Texas grand jury records?

4. Did the district court clearly and indisputably err in ordering petitioner, a Texas prosecutor, to violate his state-law obligations to maintain the secrecy of grand jury proceedings?

## STATEMENT OF FACTS

Netflix, Inc., began streaming its film *Cuties* on September 9, 2020. Within the month the Grand Jury for Tyler County, Texas, returned an indictment against Netflix pursuant to Texas Penal Code Section 43.262. Section 43.262 provides in relevant part:

> A person commits an offense if the person knowingly possesses, accesses with intent to view, or promotes visual material that:
>
> (1) depicts the lewd exhibition of the genitals or pubic area of an unclothed, partially clothed, or clothed child who is younger than 18 years of age at the time the visual material was created;
>
> (2) appeals to the prurient interest in sex; and
>
> (3) has no serious literary, artistic, political, or scientific value.

Netflix entered a plea of not guilty on October 23, 2020. Between October 2020 and August 2021 the case did not advance, and neither the State nor Netflix did anything to prompt action. Netflix's criminal case was set for docket call in August 2021, but was reset, by agreement, for February 2022.

On October 26, 2021, Texas' First District Court of Appeals handed down a decision concerning a Harris County prosecution under Section 43.262. That decision, Ex parte Lowry, struck down the "possession" portion of Section 43.262 for overbreadth in violation of the First Amendment. Netflix's prosecution was

mentioned in dicta, but not subject to the holding, and only to muse that persons viewing Netflix might be prosecuted under Section 43.262 due to the overbreadth of the possession element of the statute. The Texas Court of Criminal Appeals granted the State's petition to review Lowry on March 2, 2022, and has yet to rule.

Netflix confronted Tyler County Criminal District Attorney Lucas Babin with the Lowry decision and asked him to dismiss the Section 43.262 charge. When Babin did not immediately comply, Netflix filed a pretrial petition for writ of habeas corpus on November 15, 2021, asserting the facial unconstitutionality of Section 43.262.

During its January 2022 term the Grand Jury for Tyler County, Texas, returned four new indictments against Netflix for sexual performance by a child, pursuant to Texas Penal Code Section 43.25(d). Section 43.25(d) provides:

> A person commits an offense if, knowing the character and content of the material, he produces, directs, or promotes a performance that includes sexual conduct by a child younger than 18 years of age.

Babin successfully moved to dismiss Netflix's previous indictment under Section 43.262, without prejudice, on March 2, 2022. Babin, in his capacity as chief policymaker for felony prosecutions in Tyler County, Texas, also executed a policy on March 15, 2022, barring prosecution of any offense under Section 43.262 in Tyler County unless and until (1) Section 43.262 is deemed facially constitutional; (2) the Lowry decision has otherwise been abrogated in favor of Section 43.262; or (3) Section 43.262 has been amended by the Texas Legislature.

Following its indictments under Section 43.25(d), Netflix abandoned its state petition for habeas corpus and proceeded to file suit against Babin in federal court. Netflix claims that Babin is "abusing his office and infringing on Netflix, Inc.'s constitutional rights" by pursuing criminal charges against Netflix. Counts I and II allege that Babin has violated Netflix's Fifth and First Amendment rights and seek to enjoin Babin from seeking any indictment against Netflix under Texas Penal Code Section 43.262. Count III alleges that Babin has violated Netflix's First Amendment rights and seeks to enjoin Babin from the pursuing four existing indictments against Netflix for violations of Texas Penal Code Section 43.25. Count IV alleges that Babin has violated Netflix's First Amendment rights and seeks to enjoin Babin "from retaliating against Netflix any further, such as indicting Netflix on any further charges relating in any way to Netflix's promotion of Cuties." All claims are brought against Babin in his individual capacity, pursuant to 42 U.S.C. § 1983.

On April 10, 2022, Babin filed a motion for summary judgment asserting, among other things, that the chain of causation for any constitutional claim arising from Netflix's indictments was broken due to the involvement of the grand jury as an independent intermediary. On April 14, 2022, Netflix filed an emergency motion to obtain discovery of grand jury evidence in the state criminal proceedings, asserting that Babin's invocation of an independent intermediary alone placed those proceedings "directly at issue," and permitted grand jury discovery. Netflix sought (1) transcripts or audio recordings of the grand jury proceedings leading to its indictments; (2) identification, addresses, telephone numbers, and testimony of all grand jury

4

witnesses; (3) identification and production of all evidence presented to the grand juries (4) a breakdown of the amount of *Cuties* footage presented to the grand juries; (5) identification of any Netflix account used to access *Cuties* during grand jury proceedings; (6) identification of any parties subpoenaed by the grand juries; (7) any questions asked by the grand juries; (8) any activities the grand juries may have undertaken to investigate any charge against Netflix; and (9) identification of any other case presented to the Tyler County Grand Jury under Sections 43.262 or 43.25.

The district court conducted a hearing on April 21, 2022, reserving ruling on the grand jury issue for a written order. The district court issued an order granting Netflix's motion to obtain grand jury discovery on May 9, 2022 and gave Babin less than three days to comply with all of Netflix's requests.

## Summary of the Argument

The district court lacked jurisdiction to order disclosure of state grand jury evidence in this matter because the relevant grand jury proceeding was the inception of an ongoing state criminal proceeding. The district court is thus barred from interfering with that proceeding by the *Younger* abstention doctrine.

Jurisdiction aside, the district court erred in finding that grand jury discovery is justified because Netflix has not even offered a "mere allegation" of taint in the proceedings. The district court cannot invade the secrecy of a grand jury to permit a pure fishing expedition.

The district court erred in finding jurisdiction for its ruling within Texas law. Texas clearly created a procedure to seek grand jury records in its own courts.

5

Principles of sovereign immunity do not permit a federal court to assume jurisdiction over state matters simply because a state law does not specifically exclude such jurisdiction.

The district court erred by ordering relief which compels Babin to break Texas state law, with no legal justification. The district court cannot rely on the distinguishable decisions of sister district courts to permit such a prejudicial result.

## STANDARD OF REVIEW

To obtain mandamus relief, the petitioner must show he has "no other adequate means to attain the relief he desires." *Cheney*, 542 U.S. at 380. He must also show "that [his] right to issuance of the writ is clear and indisputable." *Id.* Where "the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* at 380–81.

## ARGUMENT

### I. The District Court Lacks Jurisdiction to Enjoin an Ongoing Criminal Prosecution.

Netflix has been indicted by a Tyler County grand jury for violation of Texas Penal Code Section 43.25(d). The sole aim of Netflix's lawsuit is to enjoin the District Attorney from proceeding with this active prosecution, and to prevent any others. But under the doctrine of *Younger* abstention, "federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted." *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004). That is because "state courts

6

are fully competent to adjudicate constitutional claims, and therefore a federal court should, in all but the most exceptional circumstances, refuse to interfere with an ongoing state criminal proceeding." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 930 (1975).

The ruling at issue plainly interferes with Babin's ongoing prosecution of Netflix in state court. Under Texas Code of Criminal Procedure Article 20A.205, the proper procedure for obtaining state grand jury evidence is to petition the district court in which the criminal defendant's case is pending. The federal district court in this matter, however, has inserted itself, issuing what is essentially a state interlocutory order under Article 20A.205 in the stead of the state court actually presiding over the matter. Babin asserts that this is exactly the type of anti-federalism that *Younger* forbids.

This Court should issue mandamus relief because the district court's failure to abstain subjects Babin to harms that cannot be remedied on appeal. "The clearest traditional office of mandamus and prohibition has been to control jurisdictional excesses, whether the lower court has acted without power or has refused to act when it had no power to refuse." *In re Gee*, 941 F.3d 153, 158 (5th Cir. 2019) (per curiam). Ordering broad, invasive discovery into the state criminal justice system to stymie ongoing or potential criminal prosecutions is clearly in excess of a federal court's authority.

Once grand jury records that should remain secret are revealed, the harm done by federal court interference to an ongoing or potential state criminal prosecutions cannot be remedied on appeal. Petitioner has no adequate means of seeking appellate relief for what he requests here, because irreparable damage will already be done. Should petitioner be required to respond to Netflix's broad-ranging interrogatories

7

and requests for production, he would have to reveal the inner workings of both the grand jury and the Tyler County District Attorney's office. Such disclosure would prejudice ongoing and future prosecutions against Netflix by providing criminal defendants with a roadmap to harass and obviate the criminal justice system – as vividly illustrated by this case – instead of conforming to the established rules of criminal procedure.

To be sure, Netflix has attempted to invoke the "bad faith and harassment" exception to *Younger* by alleging that petitioner is acting in a "bad-faith effort to pursue Netflix for exercising its free speech and petition rights under the First Amendment." App. 000002 [Compl. p.2]; *see Earle*, 388 F.3d at 519. These are, however, just the sort of "labels and conclusions" that do not suffice to state a plausible claim under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Iqbal*, 556 U.S. at 678.

Netflix also contends the criminal statutes at issue are facially unconstitutional or, if interpreted to apply to Netflix's film, unconstitutional as applied. App. 0000017-20 [Compl. pp.17-20]. The Supreme Court rejected Netflix's basic theory over four decades ago. *See Hicks v. Miranda*, 422 U.S. 332, 351 (1975). Even assuming Netflix has the better of its constitutional argument, that does not entitle a federal court "to infer official bad faith." *Hicks*, 422 U.S. at 352. Netflix's theory that its indictments are based on unconstitutional statutes cannot fit this case within the *Younger* exception. "Otherwise, bad faith and harassment would be present in every case in which a state statute is ruled unconstitutional, and the rule of *Younger v. Harris* would be swallowed up by its exception." *Id.* at 352.

8

The district court has directly interfered with state judicial proceedings, and it must now be mandated to abstain.

## II. The District Court's Broad Discovery Order Cannot Be Justified Under the Independent Intermediary Doctrine.

Netflix's discovery demands are premised on its need to overcome the independent intermediary defense, which holds that "if the facts supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or grand jury … that intermediary's independent decision breaks the causal chain and insulates the initiating party." *Hand v. Gary*, 838 F.2d 1420, 1427-28 (5th Cir. 1988) (internal citations, quotes, and emphasis omitted). Netflix did not even allege, much less prove, that the grand jury's deliberations were "tainted."

Netflix asserted, and the district court accepted, that mere invocation of the independent intermediary defense opens the door to grand jury discovery. This Court has made clear, however, that the presence of an independent intermediary in the fact pattern instead creates a "presumption" that the chain of causation for a constitutional violation has been broken. *Craig v. Dallas Area RTA*, 504 Fed. Appx 328, 333 (5th Cir. 2012). It is, and always has been, the burden of the plaintiff to prove the independent intermediary was *not* tainted, rather than the inverse. Even Hand v. Gary, heavily relied upon by Netflix, and in turn by the Court, makes clear that the defendant won the day after (1) "Plaintiff did allege a set of facts which if proved would support a finding of [a constitutional violation];" and then (2) "the defense met their burden of rebutting that evidence." *Hand*, 838 F.2d at 1427.

9

In McLin,[1] this Court applied its summary judgment precedent to motions to dismiss. *McLin*, 866 F.3d at 690. Even where all of a plaintiff's pleadings must be taken as true the plaintiff still has an initial burden with respect to the independent intermediary defense, and is required, at the very least, to "plead[ ] facts supporting the taint exception sufficient to survive a motion to dismiss." *Id.*

Netflix has pled nothing to support an allegation of taint. More to the point, Netflix has not even asserted any allegation of taint. Netflix admits that it has no idea what happened before the Tyler County Grand Jury but claims entitlement to discover in hopes of finding evidence of taint. Netflix is simply not permitted to bypass the secrecy of the grand jury to prove a claim it merely hopes exists, or to defeat a defense it merely hopes does not apply. "[I]t is understandably difficult for a plaintiff to know what was said – or wasn't said – to the grand jury absent any form of discovery." *Wilson v. Stroman*, ___4th___, 2022 U.S. App. LEXIS 11532 at *27 (5th Cir. 2022) (citing *Shields v. Twiss*, 389 F.3d 142, 147 (5th Cir. 2004)). This reality, however, "doesn't excuse pleading requirements," and plaintiffs still are required "to allege 'other facts supporting the inference' of what they allege to have occurred in the grand jury room." *Id.* (citing *McLin*, 866 F.3d at 690). Netflix offers no allegation, no facts, and no inference. Netflix is not permitted to obtain grand jury discovery.

Babin notes that at least three district courts in Texas have, under certain circumstances, ordered production of state grand jury evidence. None are factually similar to the case at bar, and none are precedential. In Simpson v. Hines, the district

---

[1] 866 F.3d 682 (5th Cir. 2017).

court ordered production of grand jury testimony after the plaintiffs both asserted factual allegations of taint and submitted their own grand jury evidence *in camera* to substantiate those allegations. Simpson v. Hines, 729 F. Supp. 526 (E.D. Tex, 1989). In Ramirez v. Abreo, again, a fact-specific allegation of taint was made by the plaintiffs, demonstrating a "particularized need" for grand jury discovery. Ramirez v. Abreo, 2010 U.S. Dist. 147246, 2010 WL 11470102 (N.D. Tex. 2010). In Sanchez v. Gomez, once again, a requisite allegation was made satisfying the plaintiff's *prima facie* burden, plus the evidence was no longer secret, having been disclosed to the defendant's expert and relied upon in compiling a report. Sanchez v. Gomez, 2019 U.S. Dist. 239009, 2019 WL 12536398 (W.D. Tex. 2019). Unlike in these non-precedential cases, Netflix has neither pled nor otherwise shown that anything improper happened before the Tyler County Grand Jury.

### III. The District Court Has No Jurisdiction Under State Law

Grand jury proceedings in Texas are secret. Tex. Code Crim. Proc. Art. 20A.202. Babin, as an attorney representing the State of Texas, is forbidden by law to disclose "anything transpiring before the grand jury" except under narrow exceptions. Tex. Code Crim. Proc. Art. 20A.204. The only possible exception applicable here is found in Texas Code of Criminal Procedure Article 20A.205, which permits a criminal defendant to petition for disclosure of grand jury information. Such a petition, however, "must be filed in the district court in which the case is pending," in addition to other requirements. Tex. Code Crim. Proc. Art. 20A.205(b). Netflix has filed no petition for grand jury information in the criminal trial court.

11

The federal district court, however, assumed jurisdiction under Article 20A.205, finding itself to be a "district court" within the meaning of the Texas statute, and declaring the remainder of the statute "procedural[ly] irrelevan[t]." App. 000485-487 [DE34 at 8-10]. This assumption is not only legally incorrect, but tramples federalism and notions of sovereign immunity.

A state does not consent to suit in federal court merely by consenting to suit in its own courts, by stating a general intent to be sued, or even by authorizing suit in "any court of competent jurisdiction." Coll. Sav. Bank v. Florida Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 676 (1999) (internal citations omitted). A state must specify its "intention to subject itself to suit in *federal* court." Atascadero St. Hosp. v. Scanlon, 473 U.S. 234, 241 (1985) (emphasis in original, internal citations omitted). The district court's ruling turns this basic principle of sovereign immunity on its head, asserting instead that a state law that does not *exclude* federal jurisdiction with sufficient specificity permits a federal court to assume waiver and federal jurisdiction, in this case to completely take over a state criminal matter under the assumed authority of state criminal laws. This result is a clear usurpation of sovereign power over Texas' criminal justice system, and precedent which cannot survive.

## IV. The District Court Ordered Petitioner to Violate State Law.

Mandamus is not limited to jurisdictional errors. *Gee*, 941 F.3d at 158 (explaining that mandamus is issued "'[i]n practice'" to correct "'all manner of errors.'" (quoting *Pulliam v. Allen*, 466 U.S. 522, 532–33 (1984))). The district court's broad discovery order also overstepped its authority because it requires petitioner to violate

12

state law. As previously discussed, Texas Code of Criminal Procedure Article 20A.204 absolutely forbids an attorney representing the state from revealing "anything transpiring before the grand jury" absent exceptions not applicable here. Babin is ordered by the district court to break this law or stand in contempt of federal court. The district court offers no justification for this Catch-22 except for its erroneous conclusion that it has been done before, and equity favors Netflix. Netflix, however, does not face imminent legal sanctions if its relief is denied. Netflix may, in fact, pursue the very same relief – properly – in state court. Babin is left with two choices: scofflaw or contemnor. It is error for Babin to be subjected to this extreme level of prejudice, especially considering that Netflix has offered nothing to justify the circumstances aside from its whim.

## Conclusion

The Court should issue a writ of mandamus directing the district court to withdraw its May 9, 2022 Order, and should stay that Order pending resolution of this petition.

Respectfully submitted,

**LUCAS BABIN**
**CRIMINAL DISTRICT ATTORNEY**
Tyler County, Texas
100 West Bluff, Courthouse Annex
Woodville, Texas 75979
Ph: 409-283-8136
Fx: 409-283-6128
l.babin@co.tyler.tx.us

13

*/s/ CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Special Prosecutor for Tyler County

Assistant Attorney General
Attorney-In-Charge
State Bar No. 24065628

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2157 (Phone No.)
(512) 370-9314 (Fax No.)

*Counsel for Petitioner

14

## Certificate of Service

On May 11, 2022, this petition was served via email to opposing counsel at jbennett@carterarnett.com and dprichard@prichardyoungllp.com. This petition was transmitted to the Clerk of the Court and a copy was provided to the trial-court judge in compliance with FRAP 21(a)(1). Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

> */s/ CHRISTOPHER LEE LINDSEY*
> **CHRISTOPHER LEE LINDSEY**
> Special Prosecutor for Tyler County

## Certificate of Compliance

This petition complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 3344 words, excluding the parts of the brief exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

> */s/ CHRISTOPHER LEE LINDSEY*
> **CHRISTOPHER LEE LINDSEY**
> Special Prosecutor for Tyler County