IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| NETFLIX, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:22-CV-031 |
| | § | |
| LUCAS BABIN, | § | |
|     Defendant. | § | |

**LUCAS BABIN'S RESPONSIVE BRIEF ON JURISDICTIONAL ISSUES**

**I.     STATEMENT OF POSTURE & ISSUES**

This Court has identified and ordered the parties to brief the following jurisdictional issues:

    (a) Mootness as to the criminal charge against Netflix under Texas Penal Code § 43.262; and

    (b) <u>Younger</u> abstention as to the criminal charge against Netflix under Texas Penal Code § 43.25.[1]

The parties filed their opening briefs on June 23, 2022.[2] Babin responds to Netflix's opening brief as follows.

---

[1]     Doc. 46.

[2]     Docs. 48 (Babin) and 49 (Netflix).

**II.     BRIEF**

**A. Mootness**

Netflix relies heavily on the Fifth Circuit's now-reversed decision in <u>Texas v. Biden</u>[3] to argue that its claims regarding Penal Code § 43.262 are not moot.[4] To the contrary, <u>Biden</u> demonstrates precisely why Babin's voluntary cessation was proper, and does moot the § 43.262 claims.

In <u>Biden</u> the Fifth Circuit laid out at length how the Department of Homeland Security (DHS) had not actually terminated any of the challenged actions but had repeatedly introduced new decisions, assessments, guidelines, and memoranda throughout the course of the litigation, attempting to shift the focus of the litigation rather than actually eliminate its purpose.[5] The Fifth Circuit pointed to a contemporary case in direct contrast, <u>Mayorkas v. Innovation Law Lab</u>,[6] in which the Supreme Court vacated the relevant preliminary injunction as moot because DHS had actually terminated the challenged protocols.[7] Because DHS in <u>Innovation Law Lab</u> adopted a policy change, post-filing, that "gave the plaintiffs 'the precise relief [they had] requested,'" that case was properly mooted.[8] In <u>Biden</u>, however, DHS "did nothing less than vow faithful adherence" to the

---

[3] <u>Texas v. Biden</u>, 20 F.4th 928 (5th Cir. 2021) reversed and remanded on other grounds by <u>Biden v. Texas</u>, 597 U.S. ____ (2022).

[4] Doc. 49 at 11-13.

[5] <u>Biden</u>, 20 F.4th at 956-64.

[6] 141 S.Ct. 2842 (2021).

[7] <u>Biden</u>, 20 F.4th at 960.

[8] <u>Id.</u> (quoting <u>N.Y. State Rifle & Pistol Ass'n v. City of New York</u>, 140 S. Ct 1525, 1526 (2020)) (brackets in original).

very action challenged by the litigation, and the plaintiff States were "left with none of the relief they requested."⁹ Biden was therefore not moot, and an injunction had "work to do."¹⁰

This case is not in the same galaxy as Biden. Firstly, it should be noted that voluntary cessation occurred *prior* to this litigation when Babin abandoned prosecution of Netflix under § 43.262. Unlike in Biden, or Fenves,¹¹ Babin made no attempt to deprive Netflix of a case or controversy post-filing. There was no case or controversy regarding § 43.262 *at* filing. Babin's post-filing policymaking did nothing more than solemnize his pre-filing actions, and officially bind himself not to revisit this decision unless and until the exact claims raised by Netflix – the facial constitutionality of the statute – are resolved by appropriate authorities other than himself.¹²

Netflix filed suit asking this Court to prevent Babin from prosecuting it under § 43.262, explicitly invoking Ex parte Lowry for the proposition that such prosecution cannot be had due to facial unconstitutionality of the statute.¹³ Babin dropped all such charges pre-filing, and officially guaranteed post-filing that no such charge would recur unless and until the exact grounds raised by Netflix are resolved by reviewing courts or by legislative

---

⁹ Id.

¹⁰ Id.

¹¹ Speech First, Inc. v. Fenves, 979 F.3d 319 (5th Cir. 2020).

¹² Doc. 22-2 (Babin notes Netflix's assertion that Babin "expressly reserves the right to prosecute Netflix under Section 43.262 if any of three conditions are met— even if a *federal* court invalidates Section 43.262." Doc. 49 at 12. This assertion is both patently false and absurd. Babin has never reserved any "right" to prosecute under a statute that has been found unconstitutional by any court, federal or state, and it is completely unreasonable to fabricate such an eventuality to overcome mootness.).

¹³ Doc. 1 at ¶¶ 74-90.

amendment. In doing so Babin "gave [Netflix] the precise relief [it] requested," and the requested injunction has no "work to do."[14] The claims concerning § 43.262 are properly mooted.

Netflix also relies on Fenves, and again misapplies the precedent. Fenves announced a test for overcoming mootness when government defendants exercise voluntary cessation: (1) the absence of a controlling statement of future intention not to repeat the challenged action; (2) the suspicious timing of the change; and (3) continued defense of the challenged action.[15] Under current precedent, all three factors must be present to avoid mooting a case involving a government defendant.[16]

Regarding the first factor, Netflix's position cannot be squared with reality. The policy enacted by Babin concerning § 43.262 explicitly states that his office "shall not prosecute any offense under Texas Penal Code Section 43.262" unless the exact constitutional issues raised by Netflix in this lawsuit are resolved.[17] It is difficult to imagine a clearer and more controlling statement of future intention not to repeat exactly what Netflix complains of regarding § 43.262. Netflix can only suggest that Babin might go completely rogue and violate some unspecified future finding of unconstitutionality by some unspecified federal court. The Court should note, however, that if such a fantastic consideration applies to Babin's policy, it equally applies to any order issued by this Court. If Netflix truly believes that any ruling by a federal court is for naught because Babin

---

[14] Biden, 20 F.4th at 960 (internal quote marks and citations omitted).

[15] Fenves, 979 F.3d at 328.

[16] Biden, 20 F.4th at 962 (citing Fenves, 979 F.3d at 328-29).

[17] Doc. 22-2.

4

speculatively might proceed in defiance regardless, then what, to borrow the vernacular, are we doing here? Babin's official policy barring Tyler County prosecutions under § 43.262 is quite obviously a "controlling statement of future intention" not to prosecute Netflix or any other party until the exact issues raised by Netflix in this suit are resolved. The first Fenves factor is overcome.

There is no suspicious timing of Babin's voluntary cessation. As discussed previously, Babin abandoned all efforts to prosecute Netflix under § 43.262 before this suit was filed. The "change" in this case cannot therefore be deemed litigation posturing because no litigation existed when the change took place. Babin's post-filing policy only affirmed, solemnized, and guaranteed the pre-filing change for any future that does not include a world where Netflix's constitutional claims have been resolved. The second Fenves factor is overcome.

Finally, Babin does not and has never defended the facial constitutionality of § 43.262 or his ability to prosecute thereunder in this matter. Babin has only pointed out objective facts in responses to pleadings and discovery requests, which he was obligated to do when such pleadings and requests were directed to him by Netflix. A discovery response, e.g., asserting that Lowry expressly limited its holding to the "possessing" portion of § 43.262, and that no finding of unconstitutionality has ever issued as to the "promoting" portion of the statute, is not "defending" the statute. It is reading case law.[18]

---

[18] See Ex parte Lowry, 639 S.W.3d 151, 161 (Tex. App.—Houston [1st Dist.] 2021, pet. granted) ("[W]e confine our analysis to the portion of section 43.262 that prohibits a person from knowingly possessing visual material that depicts the 'lewd exhibition of the … pubic area of a[ ] … clothed child, who is younger than 18 years of age at the time the visual material was created,' that appeals to the

5

Babin has expressly left the question of this statute's constitutionality to state authorities higher than and apart from himself, and in doing so defends only himself, and not the statute, for the purposes of this litigation. The third Fenves factor is overcome.

Netflix's claims regarding Texas Penal Code § 43.262 are moot, and this Court is without jurisdiction to hear them. All such claims must be dismissed.

## B. Younger Abstention

### 1. Interference with and Retaliation against Free Speech

Netflix insists that an exception to Younger applies to the pending charges under § 43.25 because all such charges were allegedly brought in retaliation for Netflix's state petition for writ of habeas corpus, and to interfere with what Netflix believes is its First Amendment right to "demand[ ] that its viewers see and perceive pre-teen girls emulating the highly sexualized media they consume unrestrained."[19] Netflix's assertion on this front, however, is entirely conclusory and contrary to law.

Netflix relies heavily on Torries v. Hebert,[20] which obviously is not a precedential case, but is instructive, nonetheless. In Torries an injunction issued against a local prosecutor after the federal district court determined that a bad faith exception to Younger applied.[21] Torries, however, featured key differences from this matter which demonstrate

---

prurient interest in sex, and has no serious literary, artistic, political, or scientific value.").

[19]   Doc. 49 at 15.

[20]   111 F.Supp.2d 806 (W.D. La. 2000).

[21]   Id.

precisely why this Court must abstain from interfering with the state criminal proceedings against Netflix.

First, there was no indictment in <u>Torries</u>, and the relevant criminal charges didn't even exist at the time the federal action was filed.[22] The district attorney in that case was added to the federal suit only because he filed criminal bills of information against the federal plaintiffs *after* the request for preliminary injunction was filed against the local Sheriff and his deputy.[23] In this case a grand jury found probable cause to indict Netflix under § 43.25, pre-suit, and so unlike the district attorney in <u>Torries</u> Babin is insulated from any allegation of bad faith prosecution by the independent intermediary defense.

Second, in <u>Torries</u> the relevant criminal charge did not concern the objectionable music, but was unlawfully used as a collateral device to "chill" the otherwise lawful playing of the music.[24] In this case it is the "speech" itself that is criminalized by a facially valid state law. Babin's actions in enforcing the statute thus cannot be the constitutional issue, but the statute itself. It is not bad faith to ask a jury to find that Netflix's "speech" is criminalized by § 43.25, and to defend the constitutionality of any such verdict in Texas' appellate courts.

Finally, the <u>Torries</u> court specifically found that it was "fatal" to the district attorney's defense that he failed to offer evidence of lawful motivation behind the bringing of the charges.[25] The Court noted that its decision likely would have been different had the

---

[22] <u>Id.</u> at 813.

[23] <u>Id.</u> at 813.

[24] <u>Id.</u> at 818-19.

[25] <u>Id.</u> at 816-17.

maker of the decision to bring the relevant charges – an assistant district attorney – offered evidence as to the factors involved.[26] In this case the opposite is true. It is undisputed that Babin personally decided to charge Netflix under § 43.25.[27] The only evidence before this Court regarding Babin's motivation for seeking these charges are his interrogatory responses, which detail both factual and legal bases for seeking the charges that do not include any retaliatory motive or intent to intrude on Netflix's First Amendment rights.[28] Netflix, by contrast, offers nothing but the fact of its indictments as evidence of alleged bad faith. The weight of the evidence concerning Babin's motivation to bring the § 43.25 charges is thus completely lopsided in Babin's favor.

This case does not resemble Torries factually or legally, but a much more recent case is instructive. In Blakely v. Andrade a man was initially indicted for assaulting a public servant, and his first trial ended with a hung jury.[29] To prevent retrial the federal plaintiff sought an injunction against Dallas County and the Magistrate to prevent any further criminal proceedings.[30] The federal plaintiff could not qualify for a bad faith exception to Younger because, as here, he made only conclusory allegations, and the intervention of the indicting grand jury necessarily contradicted any such finding.[31]

---

[26]  Id.

[27]  See Doc. 1 at ¶¶ 57-60.

[28]  Doc. 49-1.

[29]  360 F.Supp.3d 453, 465 (N.D. Tex., Dec. 6, 2018) (Findings, Conclusion, and Recommendation adopted by Blakely v. Andrade, 360 F.Supp.3d 453 (N.D. Tex., Jan. 23, 2019)).

[30]  Id. at 466.

[31]  Id. at 468-69.

As in <u>Blakely</u>, the bad faith allegations in this case are conclusory and unsupported by any facts or evidence. Unlike <u>Torries</u>, Babin has provided this Court with evidence that his decision to prosecute Netflix under § 43.25 was motivated only by a desire to enforce Texas law, and not to infringe on Netflix's First Amendment rights. Regardless of Babin's motivation, the intervention of the grand jury insulates Babin from any finding of constitutional wrongdoing and validates the criminal proceedings. This Court must abstain.

### 2. Probable Cause

As previously briefed, the issue of probable cause for the charges against Netflix under § 43.25 is simply not a cognizable question for this Court. Netflix's allegation that Babin pursues the four indictments absent probable cause is false as a matter of law, because the Tyler County Grand Jury has found probable cause for those four charges, and the Grand Jury – not Babin – indicted Netflix. The Fifth Circuit long held that there is no constitutional violation by an official initiating criminal charges "if the facts supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or a grand jury, for that intermediary's independent decision breaks the causal chain and insulates the initiating party."[32]

As with § 43.262 in <u>Lowry</u>, Netflix is free to challenge the application of § 43.25 to *Cuties* in Texas courts, whether by habeas action, jury trial, direct appeal, or all of the above. <u>Younger</u> and the independent intermediary defense dictate that Netflix is not free to make any such challenge in this Court. All of Netflix's arguments about "child

---

[32] <u>Hand v. Gary</u>, 838 F.2d 1420, 1427-28 (5th Cir. 1988) (citing <u>Rodriguez v. Ritchey</u>, 556 F.2d 1185, 1194-95 (5th Cir. 1977)) (internal quote marks and original emphasis omitted).

pornography" and "lewd exhibition of the genitals" can and should be raised in state court in the context of ongoing criminal proceedings. As thoroughly and repeatedly briefed previously, this Court has no jurisdiction to quibble with the Tyler County Grand Jury's findings and dabble with proper application of § 43.25 in the context of this lawsuit.[33]

### 3. Request for Hearing and Opportunity to Present Evidence

In a classic example of Netflix's habitual and false use of absolute language, it "contends that the undisputed facts establish Babin's bad faith."[34] This is a deeply ironic contention, as Netflix attaches to the same document Babin's interrogatory responses, which directly dispute Netflix's allegations of Babin's bad faith. Nonetheless, just in case Netflix's case is not "unquestionable," or "unmistakable," or without "any doubt," Netflix requests an evidentiary hearing so it can "take evidence" on the issue of bad faith.[35]

The necessity of such relief necessarily implies what is clear from the existing record: Netflix has no evidence of bad faith and requires a last-ditch attempt to create some. The record is not devoid of evidence on the subject, however, as previously noted. Netflix has filed Babin's interrogatory responses, which directly rebut Netflix's unsubstantiated claims of bad faith.[36] The Court has all the evidence it needs to rule. There is no evidence of bad faith, no valid exception to Younger, and no legal path to avoid abstaining from interference with the ongoing criminal proceedings against Netflix under § 43.25.

---

[33] Hand v. Gary, 838 F.2d 1420, 1427-28 (5th Cir. 1988) (citing Rodriguez v. Ritchey, 556 F.2d 1185, 1194-95 (5th Cir. 1977)) (internal quote marks and original emphasis omitted).

[34] Doc. 49 at 23.

[35] Id. at 24.

[36] Doc. 49-1.

### III.  PRAYER

All claims brought by Netflix in this matter are either moot or subject to the Younger abstention doctrine. This Court has no jurisdiction to proceed, and Lucas Babin respectfully requests that this matter be dismissed with prejudice.

        **LUCAS BABIN**
        **CRIMINAL DISTRICT ATTORNEY**
        Tyler County, Texas
        100 West Bluff, Courthouse Annex
        Woodville, Texas  75979
        Ph:  409-283-8136
        Fx:  409-283-6128
        l.babin@co.tyler.tx.us

        */s/ CHRISTOPHER LEE LINDSEY*
        **CHRISTOPHER LEE LINDSEY**
        Special Prosecutor for Tyler County

        Assistant Attorney General
        Attorney-In-Charge
        State Bar No. 24065628

        P.O. Box 12548, Capitol Station
        Austin, Texas 78711
        (512) 463-2157 (Phone No.)
        (512) 370-9314 (Fax No.)

### CERTIFICATE OF SERVICE

I, **CHRISTOPHER LEE LINDSEY**, do hereby certify that a true and correct copy of the foregoing has been served on all parties by the Court's electronic noticing system, on this the 7th day of July, 2022.

        */s/CHRISTOPHER LEE LINDSEY*
        **CHRISTOPHER LEE LINDSEY**
        Special Prosecutor for Tyler County