IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| NETFLIX, INC., <br>    Plaintiff, | § <br> § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. 9:22-CV-031 |
| LUCAS BABIN, <br>    Defendant. | § <br> § <br> § | |

**LUCAS BABIN'S REPLY BRIEF ON JURISDICTIONAL ISSUES**

**I.   STATEMENT OF POSTURE & ISSUES**

This Court has identified and ordered the parties to brief the following jurisdictional issues:

(a) Mootness as to the criminal charge against Netflix under Texas Penal Code § 43.262; and

(b) Younger abstention as to the criminal charge against Netflix under Texas Penal Code § 43.25.[1]

The parties have filed their opening briefs,[2] and responsive briefs.[3] Babin replies to Netflix's responsive brief as follows.

---

[1]   Doc. 46.

[2]   Docs. 48 (Babin) and 49 (Netflix).

[3]   Docs. 51, 53 (Babin) and 52 (Netflix).

## II. BRIEF

### A. Mootness

Netflix now points to the Supreme Court's recent decision in West Virginia v. EPA[4] to argue that its claims regarding Penal Code § 43.262 are not moot.[5] Netflix describes West Virginia as a case where "a federal agency repealed a policy that had been challenged through litigation and then tried to argue that challenges to its prior policy were moot."[6] This description of West Virginia is bafflingly false.

The actual facts of West Virginia track well with Fenves, involving not a repeal or cessation of a challenged policy, but a mere nonbinding, intra-litigation assurance not to proceed with enforcement of a standing policy.[7] In October 2015 the Obama-era EPA promulgated a rule known as the Clean Power Plan, which asserted new federal authority over regulation of power plants.[8] On the same day the Clean Power Plan was promulgated, 27 States challenged its implementation, winning a stay preventing the rule from taking effect.[9] President Trump was then elected, and his EPA requested that the litigation be held

---

[4] West Virginia v. EPA, 597 U.S. ____ (2022), 2022 WL 2347278 (U.S., June 30, 2022).

[5] Doc. 52 at 1-2.

[6] Id. at 2.

[7] West Virginia, 2022 WL 2347278 at *14-*16.

[8] Id. at *13.

[9] Id. at *14.

in abeyance so that the Clean Power Plan could be reconsidered.[10] Notably, the D.C. Circuit then dismissed this first round of litigation as moot.[11]

The Trump EPA repealed and repudiated the Clean Power Plan in 2019, replacing it with a new rule known as the Affordable Clean Energy (ACE) Rule.[12] A collection of States and other parties then filed new litigation, not only challenging implementation of the ACE Rule, but also the repeal of the Clean Power Plan.[13] Other States and aligned parties – to include the eventual petitioners in West Virginia v. EPA – intervened to defend the Trump EPA's efforts to repeal and replace the Clean Power Plan.[14] On January 19, 2021, the D.C. Court of Appeals vacated both the implementation of the ACE Rule and the repeal of the Clean Power Plan.[15] Within days President Biden took office and the EPA pivoted once more, asking the D.C. Circuit for an unopposed stay of its mandate to prevent the immediate return of the Clean Power Plan, and permit consideration of yet another rule.[16] The D.C. Circuit stayed its vacatur of the Clean Power Plan's repeal, but the repeal defenders successfully filed petitions for certiorari nonetheless.[17]

---

[10] Id.

[11] Id.

[12] Id. at *14-*15.

[13] Id. at *15.

[14] Id.

[15] Id.

[16] Id.

[17] Id. at *15-*16.

Before the Supreme Court the EPA challenged the petitioners' standing, claiming that the D.C. Circuit's stay and the EPA's stated intention not to enforce the Clean Power Plan "eliminated any … possibility" of injury.[18] The Supreme Court, determining that this was actually an assertion of mootness, disagreed, finding that the petitioners' claims were not moot because the D.C. Circuit's judgment "purports to bring the Clean Power Plan back into effect," and thereby "does injure the States, since they are the object of its requirement."[19] The Supreme Court found that "the Government's mootness argument boils down to its representation that EPA has no intention of enforcing the Clean Power Plan prior to promulgating a new … rule."[20] The EPA in West Virginia, however, "nowhere suggests that if this litigation is resolved in its favor it will not" resume the challenged conduct, and it "vigorously defends" the legality of such action.[21] The Supreme Court thus determined the West Virginia petitioners' claims to be justiciable and not moot.[22]

This case is does not resemble West Virginia in any way. In West Virginia the challenged conduct was in effect and held in abeyance only by a nonbinding, stated intent not to proceed – until a new, unspecified course of action could be determined. In this matter the challenged conduct was completely abandoned before this lawsuit was ever filed, and Babin has issued a formal policy guaranteeing not to reinstitute any such conduct

---

[18]  Id. at *16.

[19]  Id. (internal citations and quotations omitted).

[20]  Id.

[21]  Id. (quoting Parents Involved in Community Schools v. Seattle School Dist. No. 1, 551 U.S. 701, 719 (2007)).

[22]  Id. at *17.

or anything like it. In West Virginia the Government actively defended the legality of its challenged conduct and made no effort to show it would not return to it. In this case Babin has specifically left the merits of Netflix's claims regarding § 43.262 to authorities other than himself and makes no effort to defend the constitutionality of the statute herein. Finally, and perhaps most importantly, the Government in West Virginia left open the probability that success in the instant court would translate into a return to the very same conduct, necessarily implying an extant injury. In this case Babin has not premised his intentions in any way on resolution of this lawsuit. Instead, Babin premises any further action – not only for Netflix, but any potential defendant – on final and complete resolution of the constitutionality of § 43.262. Put another way, Babin has bound himself not to engage in any prosecutorial conduct regarding § 43.262 – the exact relief Netflix seeks – unless and until the exact issues raised by Netflix no longer exist. Unlike in West Virginia, the § 43.262 claims in this lawsuit are moot.

**B. Younger Abstention**

Netflix dismisses out-of-hand Babin's assertion of the independent intermediary defense, claiming it is solely a merits consideration and has no bearing on the question of Younger abstention.[23] This is another puzzling position. Netflix is fond of invoking a "sword" analogy to describe the independent intermediary defense before this Court, which of course is completely contrived.[24] The "sword" – an offensive weapon – in this case is and always has been Netflix's completely unsubstantiated allegations of Babin's alleged

---

[23] Doc. 52 at 2-3.

[24] An "All Federal" Westlaw search for "independent intermediary" and "sword" produces "No documents found."

bad faith in daring to bring criminal charges against Netflix for "demand[ing] that its viewers see and perceive pre-teen girls emulating the highly sexualized media they consume unrestrained."[25] Netflix wields this "sword" wantonly in this Court – and through media outlets – free of any proof whatsoever.[26] Netflix's allegations of bad faith are not only offered to seek judgment ultimately, but to overcome Younger now.[27] The allegations of bad faith, in fact, are the *exclusive* exception to Younger that Netflix offers.[28]

The independent intermediary defense, as necessarily implied by its title, is a "shield" in this or any other matter against a plaintiff's accusations. In this context, the independent intermediary defense speaks directly to Netflix's allegations of bad faith, demonstrating to this Court that these allegations are incognizable as a matter of law. Netflix, not Babin, inserted the issue of bad faith prosecution into the context of this Court's subject-matter jurisdiction.[29] Netflix cannot now claim that Babin's defense to the jurisdictional issue raised by Netflix must be disregarded and relegated to a separate, merits proceeding. Netflix cannot claim that Babin's alleged bad faith excepts Younger, and then claim in the next breath that Babin's defense to those very same allegations has nothing to do with Younger. This position is hypocritical, absurd, and unlawful.

Netflix is free to abandon its allegations of bad faith to attempt to overcome Younger, but assuming it does not, Babin is free to defend himself and argue that those

---

[25]   Doc. 49 at 15.

[26]   See Doc. 1 at 5-16; Doc. 7 at 3-4, 10-14.

[27]   Doc. 49 at 14-24.

[28]   Id.

[29]   Id.

allegations are incognizable as a matter of law. Both arguments concern <u>Younger</u>, and both therefore belong within briefing on jurisdictional issues.

### III. PRAYER

All claims brought by Netflix in this matter are either moot or subject to the <u>Younger</u> abstention doctrine. This Court has no jurisdiction to proceed, and Lucas Babin respectfully requests that this matter be dismissed with prejudice.

**LUCAS BABIN**
**CRIMINAL DISTRICT ATTORNEY**
Tyler County, Texas
100 West Bluff, Courthouse Annex
Woodville, Texas 75979
Ph: 409-283-8136
Fx: 409-283-6128
l.babin@co.tyler.tx.us

*/s/ CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Special Prosecutor for Tyler County

Assistant Attorney General
Attorney-In-Charge
State Bar No. 24065628

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2157 (Phone No.)
(512) 370-9314 (Fax No.)

### CERTIFICATE OF SERVICE

I, **CHRISTOPHER LEE LINDSEY**, do hereby certify that a true and correct copy of the foregoing has been served on all parties by the Court's electronic noticing system, on this the 14th day of July, 2022.

*/s/CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Special Prosecutor for Tyler County