IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| NETFLIX, INC.<br>　　　*Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | |
| LUCAS BABIN<br>　　　*Defendant*. | §<br>§<br>§<br>§ | CIVIL ACTION NO. 9:22-CV-31 |

ORDER

Referred to the undersigned for consideration and disposition is Defendant Lucas Babin's Motion to Quash and Motion for Protective Order. (Docs. #57, #60.) Defendant seeks to prevent depositions currently scheduled for August 30, 2022. The undersigned set this matter for a hearing on August 15, 2022, which was continued at the request of the parties until August 22, 2022. The issue is fully briefed and the depositions in question are scheduled for August 30, 2022. Therefore, the court will cancel the hearing and issue this order.

*Factual and procedural history*

In its complaint, Netflix alleges that Tyler County District Attorney Lucas Babin abused his office and maliciously prosecuted Netflix in state court in violation of the U.S. Constitution and in retaliation for Netflix's exercise of its First Amendment rights. Plaintiff seeks solely injunctive relief to stop the underlying criminal prosecution. Defendants assert the independent intermediary defense claiming that the indictment by the grand jury severs the casual chain between any alleged bad faith conduct of the Defendants and the injunctive relief Plaintiff seeks. Defendants also contest subject matter jurisdiction asserting that the *Younger* abstention doctrine

bars Netflix's claims. Defendants filed a motion for summary judgment on its defenses on April 8, 2022.[1] (Doc. 21.) The state court criminal proceeding remains pending but is abated. The district court will hold the preliminary or permanent Injunction hearing on September 14, 2022.

After Defendants asserted the independent intermediary defense in their motion for summary judgment, Plaintiff filed an Emergency Motion to Obtain Grand Jury Discovery. (Doc. #24.) This motion was vociferously defended by Defendant including a failed Petition for Writ of Mandamus to the Fifth Circuit after the district court ordered production of the grand jury testimony to the court for *in camera* review. *In re Babin*, No. 22-40306, 2022 WL 1958701 (5th Cir. May 25, 2022).

On July 1, 2022, the district court, after its *in camera* review, concluded that the submitted grand jury materials were "not only relevant, but essential to Netflix's claims." (Doc. #50.) The court ordered the discovery be produced to the Plaintiff. The material included Defendant's confusing interrogatory answer first swearing that Defendant and Hardy were the only witnesses who "testified" before the grand jury, but then contending that Defendant and Hardy only read the elements of the offenses to the grand jury and introduced the film as evidence. Plaintiff now seeks to depose Defendant and Hardy on their actions before the grand jury and their knowledge of the factual issues set forth in the complaint.

*Particularized Need*

Defendant objects to the depositions first on the premise that the Plaintiff has not shown the particularized need for the depositions of the prosecutors. That issue, however, has previously been decided by the district court's conclusion that whatever took place before the grand jury is "essential" to Netflix's claims. (Doc. #50.) The undersigned is mindful, that in its earlier ruling,

---

[1] An amended motion was filed on April 10, 2022, and a second amended motion filed on July 25, 2022. (Docs. #22, #58.)

the district court noted that (at that time) Plaintiff was not seeking to depose any grand jurors or grand jury witnesses. Defendant complains that Plaintiff is doing an about-face and is now seeking to depose grand jury witnesses. The court is not convinced that this is true.

First, as indicated above, the interrogatory answers provided by Defendant are contradictory. While the answer suggests that Defendant and Hardy were "witnesses," the description of their activity—reading the offenses and introducing evidence—is not that of a witness but instead that of a prosecuting attorney. Indeed, when asked in Request for Production No. 2 to produce the transcript of grand jury testimony, Defendant states he has none. (Doc. #59-2, at 3.) This suggests that Defendant and Hardy did not swear under oath and "testify." Notably, Defendant's motion to quash does not clarify whether Defendant and Hardy acted as prosecutors, grand jury witnesses, or both. If Defendant and Hardy did take the highly unusual step of serving as both prosecutors and as grand jury witnesses, then Defendant can assert whatever objections he deems necessary to specific deposition questions and reserve for ruling by the court later or contact the discovery hotline.

Plaintiff should be allowed to depose Defendant and Hardy regarding their activities surrounding the prosecution and in front of the grand jury. Such actions appear to be the *sine qua non* of this case. Moreover, Defendant is listed in disclosures as a person with relevant knowledge who will offer testimony at trial. Plaintiff is entitled to explore the Defendant's relevant knowledge.

*Absolute Witness Immunity*

Next, Defendant claims that as "grand jury witnesses, he and Hardy enjoy absolute immunity against any claims made by Plaintiff. Again, the undersigned is not convinced that the Defendant and Hardy were, in fact, sworn grand jury witnesses. Presumably, these facts will be

explored during the deposition. More importantly, though, as Plaintiff points out, absolute immunity does not apply in suits seeking injunctive relief. *Supreme Court of Virginia v. Consumers Union of the U.S.,* 446, U.S. 719, 736-37 (1980); *LeClerc v. Webb*, 419 F.3d 405, 414 (5th Cir. 2005). Here, Plaintiff seeks only injunctive relief. Absolute immunity does not bar these depositions.

*Younger Abstention Doctrine*

Finally, in their "Supplement[2]" to their motion to quash, Defendant raises the *Younger* Abstention Doctrine. Defendant contends that *Younger* Abstention prohibits a federal court from interfering with an ongoing state judicial proceeding. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). Plaintiff, on the other hand, claims that its case is brought pursuant to an exception to the doctrine which allows federal courts to enjoin state proceedings brought in bad faith or for purposes of harassment, which is precisely Plaintiff's contention.

The Fifth Circuit has already cautioned that the *Younger* abstention doctrine "is a serious consideration that the district court should address at its earliest opportunity." *In re Babin*, 2022 WL 1658701 at *4. This case is set for an injunction hearing on September 14, 2022, and *Younger* Abstention is addressed in Defendant's motion for summary judgment, the response to which has been continued for Plaintiff to conduct discovery. (Docs. #22, #34, at 15.) Presumably, this includes subject matter jurisdiction discovery on the applicability of, and exceptions to, *Younger*.

According to Defendant, Plaintiff's discovery should wait until after the court has ruled on the applicability of the doctrine. This argument is circular. It is not just or fair to deny Plaintiff

---

[2] This "supplement" was improperly filed without leave of court. Eastern District of Texas Local Rule CV-7 explains that proper motion practice includes a motion, response, reply and sur-reply. "Absent leave of court, no further submissions on the motion are allowed." E.D. TEX. LOCAL R. CV-7(f). Arguably, Defendant's "supplement" could be viewed as a reply, however, in that it raises new issues not raised in the response, it is not a proper reply. E.D. LOCAL R. CV-7 (f).

the opportunity to depose the individuals whom the Plaintiff accuses of acting in bad faith, but then require Plaintiff to present evidence that the individuals acted in bad faith.

Moreover, it appears to the undersigned that the issue of subject matter jurisdiction and the merits issues—whether Defendant acted in bad faith in prosecuting Plaintiff—are coterminous, and judicial economy may not be served by determining jurisdiction first. *Montez v. Dept. of Navy*, 392 F.3d 147, 150 (5th Cir. 2004) (where issues of fact are central to both subject matter jurisdiction and the claim on the merits, the trial court may assume jurisdiction and proceed to the merits).

Accordingly, the Defendant's Motion to Quash and Motion for Protective Order (doc. # 57) are hereby **DENIED**. The hearing scheduled on August 22, 2022, at 10:00 a.m. is **CANCELLED**. The depositions of Lucas Babin and Patrick Hardy shall proceed as noticed.

**SIGNED this the 17th day of August, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE