## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| **NETFLIX, INC.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 9:22-cv-00031** |
| | § | |
| **LUCAS BABIN,** | § | |
| **Defendant.** | § | |

### NETFLIX, INC.'S OPPOSED MOTION TO LEAVE TO FILE AN AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND TO EXCEED PAGE LIMIT

Since the time Netflix filed its Motion for Temporary Restraining Order and Motion for Preliminary Injunction on March 4, 2022, the parties have exchanged written discovery, Netflix has taken Lucas Babin's and his assistant district attorney's depositions, and Babin cited both *Younger* abstention and the fact-intensive independent-intermediary defense as grounds for opposing such relief. Each of these developments has expanded the focus of this case, as well as the law and facts relevant to the propriety of preliminary injunctive relief. Netflix therefore seeks leave (1) to file its Amended Motion for TRO and Preliminary Injunction, which includes new evidence Netflix only recently obtained and addresses new issues Babin raised in opposition of Netflix's request, and (2) to exceed the page limits imposed by Local Rule CV-7.

### FACTUAL BACKGROUND

On March 3, 2022, Netflix filed a Complaint for Injunctive Relief under 42 U.S.C. § 1983 seeking to restrain Babin from prosecuting Netflix without probable

cause for promotion of the film *Cuties*.[1] Netflix also filed its motion for temporary restraining order and preliminary injunction that same day ("Motion").[2]

At the time of Netflix's filing, Babin had issued five separate indictments against Netflix, the latter four after Netflix challenged the constitutionality of Texas's "lewd exhibition" statute, Texas Penal Code § 43.262—a statute that had already been declared facially overbroad and unconstitutional by the First District Court of Appeals in Houston. Babin's later indictments alleged that Netflix had promoted a "sexual performance" of a child in violation of Texas Penal Code § 43.25 by offering *Cuties* for streaming by its subscribers.

At the time Netflix filed its Complaint and Motion, the facts necessary to determine whether Netflix should be granted temporary injunctive relief were largely confined to evidence on file or available in the public record. The timing of the indictments, Babin's request to delay the hearing on Netflix's habeas petition, Babin's dismissal of the original indictments on the eve of that hearing, and the content of *Cuties* itself were all known and available for the Court's consideration.

Babin responded to Netflix's Motion on March 7, 2022.[3] In his response, Babin argued that this Court lacked authority to consider Netflix's request due to prosecutorial immunity, the *Heck* doctrine, *Younger* abstention, and principles of federalism and public policy. Babin also engaged on the elements necessary to obtain injunctive relief, arguing that these same factors disproved Netflix's probable right to relief on the merits.

The Court held proceedings on Netflix's request for a temporary restraining order on March 4, 2022.[4] Following lengthy oral argument, the parties reached an

---

[1] Doc. 1.
[2] Doc. 7.
[3] Doc. 9.
[4] Doc. 11.

agreement and entered into a joint stipulation to abate the pending state prosecutions and halt any further indictments while this case remained pending.[5] The preliminary injunction hearing was then set for June 14, 2022.[6]

Babin answered the Complaint on March 21, 2022, where he first raised the "independent intermediary doctrine" as a defense.[7] The assertion of that defense placed Babin's conduct before the grand jury squarely in issue, especially given Babin's filing for summary judgment on that defense. Babin's motion argued that Netflix could not avoid *Younger* abstention under the bad-faith exception because the grand jury was an independent intermediary that absolved Babin of any responsibility for his harassing and baseless series of indictments related to *Cuties*.[8]

Netflix responded by moving to obtain limited discovery of the grand jury proceedings, which the Court granted on May 9, 2022.[9] The Court's order required Babin to provide responsive information to the Court for *in camera* inspection, without objection, within three days, after which the Court would issue further findings consistent with the results of that review. Rather than comply with this Court's order, Babin sought mandamus relief from the Fifth Circuit.

The Fifth Circuit denied Babin's mandamus petition on May 26, 2022, and Babin then provided to the Court responses to Netflix's grand jury discovery requests. After in camera review, on July 1, 2022, Netflix received those responses for use in these proceedings.[10] As this Court observed, Babin's interrogatory responses were contradictory.[11] For example, although Babin claimed to have merely read the

---

[5] Doc. 13.

[6] Doc. 19.

[7] Doc. 15.

[8] Docs. 21 & 22.

[9] Docs. 24, 34. Netflix also moved to continue the hearing on Babin's motion for summary judgment under Federal Rule of Civil Procedure 56(d), Doc. 25, which the Court also granted.

[10] Doc. 50

[11] Doc. 64.

elements of the offenses to the grand jury and presented the film, he also identified himself and his assistant prosecutor, Pat Hardy, as actual grand jury "witnesses."

Babin's responses were also incomplete. Although Babin's interrogatory answers also referred to certain "recordable media" used to present materials to the grand jury, Babin never produced such "media," whether to the Court or to Netflix. Netflix therefore served its Third Set of Interrogatories on July 6, 2022, seeking additional information about this "recordable media."[12] Netflix also served notices for the depositions of Babin and Hardy to explore the contradictions in Babin's discovery responses.

Babin served verified Objections and Responses to Netflix's Third Set of Interrogatories on August 5, 2022. His responses disclosed that the grand jury had been presented discrete clips and still images stored on the "recordable media," which included in its contents 18 separate videos and 43 still images taken from the film.[13] The same day that Babin served these answers, Netflix requested that Babin produce all such information, which Babin did on August 8, 2022, allowing Netflix to copy the contents of a "DataStick" that he represented contained all of the information he made available to the grand jury.[14]

The materials on the DataStick are directly relevant to Netflix's contention that Babin acted in bad faith by pursuing the indictments, and are therefore necessary to the Court's determination of whether *Younger* abstention applies to this case, whether Babin has acted in retaliation for Netflix's exercise of its rights of speech and petition, and whether Babin is exonerated by the independent intermediary doctrine.

---

[12] Doc. 62-1 at 3.
[13] Doc. 62-1 at 3.
[14] Doc. 62-2, 62-3.

Three weeks after receiving this data, Netflix deposed Babin and Hardy—after the Court denied Babin's Motion to Quash, which he renewed during the deposition. During those depositions, Babin and Hardy testified about the materials they made available to *both* grand juries and thus provided additional proof refuting Babin's independent intermediary defense.

Because the grand jury discovery, documents from the DataStick, and depositions all became known to Netflix after it filed its Motion, Netflix seeks leave to supplement its Motion to make these materials part of the Court's record so that they may be considered in reaching the merits of granting preliminary injunctive relief.

<h3 style="text-align:center">ARGUMENT AND AUTHORITIES</h3>

Local Rule CV-7 sets out the briefing schedule for all motions filed with the Court. Rule CV-7(f) specifies that once a motion, response, reply, and sur-reply are filed, "[a]bsent leave of court, no further submissions on the motion are allowed." Local Rule CV-7 does not articulate the showing required of a party seeking leave to amend or supplement a motion previously filed. Courts do, however, have broad discretion to manage their dockets, and thus discretion to grant leave to amend or supplement. *Cf. Prudhomme v. Teneco Oil Co.*, 955 F.2d 390, 392 (5th Cir. 1992) (recognizing that district courts have broad discretion to manage their dockets); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (whether to modify scheduling order is within district court's discretion).

Leave to amend is proper in this case for several reasons. Netflix diligently sought discovery relating to the grand jury proceedings within days of Babin's motion for summary judgment based upon the independent intermediary defense. Because Babin resisted those efforts and then failed to produce the "recordable media" (i.e., a computer flash drive) until August 8, 2022, Netflix could not have provided the

information from that source to the Court in support of the original Motion. Nor could Netflix have provided the Court with Babin and Hardy's depositions, which took place just last week. Netflix timely filed all briefs as required by Local Rule CV-7 but lacked the benefit of the present evidence then and thus could not have requested relief any earlier.

Supplementing the record is critical to the Court's consideration of the Motion. Since the time the Motion was filed, Babin's *Younger* abstention and immunity arguments have crystalized through his briefing and various motions in this Court and before the Fifth Circuit. Netflix would therefore like the opportunity to directly address those arguments with the new evidence it has obtained during discovery, which includes the benefit of deposition testimony and documents that prove why *Younger* abstention is inappropriate and why Babin cannot use the grand jury to shield his misconduct from this Court's scrutiny (i.e., because Babin's bad-faith pursuit of the indictments tainted the grand jury process).

Babin will not be prejudiced by allowing Netflix to amend its Motion. There is no surprise here.

The legal theories on which Netflix relies to justify its request for preliminary injunctive relief are the same as before (e.g., as-applied and facial challenges to the underlying statutes under the First Amendment). And the parties have already extensively briefed the defensive issues Babin raises in his pleadings (e.g., *Younger* abstention and the independent intermediary defense).

The new and substantial evidence attached to Netflix's amended Motion is also no cause for surprise or prejudice. Nearly all of that new evidence came from Babin and his recently-produced flash drive, while a very small portion came from third-

party sources that are publicly available (e.g., the webpage of "Jane Doe's" college showing she was of age when she appeared in *Cuties*).[15]

Because the issues are largely the same and the evidence poses no surprise to Babin, sufficient time remains for Babin to respond to Netflix's amended motion before the September 14, 2022, preliminary injunction hearing. And if that is too soon, the Court may allow the filing of post-hearing briefs. The Court likewise has discretion to continue the hearing or move forward, but reserve ruling on the Motion in order to allow post-hearing briefing should Babin request it. The Court should therefore grant Netflix leave to file the amended brief because the amended motion and evidence filed with it will assist the Court in evaluating Netflix's entitlement to the relief sought and Babin's purported defenses to such relief.

Netflix also requests that it be permitted to file a brief that exceeds the 15-page limits imposed by Local Rule CV-7(a). The Motion requires in-depth analysis of the statutes that Babin charged Netflix with violating by "promoting" *Cuties*, and discussion of several seminal cases that define the bounds within which the First Amendment Right of Free Speech may be impinged. Moreover, because Netflix asserts an as-applied challenge to its indictment under Texas's "Sexual Performance by a Child" statute for promoting *Cuties*, a discussion of the substance and tenor of the film—and how that substance and tenor were deliberately concealed or misrepresented through Babin's presentation to the grand jury—is critical to Netflix's claims and request for injunctive relief. A detailed description of the materials Babin used to taint each grand jury and secure the indictments is also necessary, especially when comparing what Babin showed them to the film's actual plot, message, and footage.

---

[15] "Jane Doe" is one of the performers at issue in one of Babin's four section 43.25 indictments.

Netflix therefore seeks leave to file a brief of 46 pages. Given the number, importance, and gravity of the issues and arguments Netflix must address to prove its entitlement to the injunctive relief sought—and to rebut Babin's defenses to such relief—the additional pages are necessary to adequately brief these matters to the Court. Indeed, under Local Rule CV-7(a)(3), if Netflix filed a summary judgment motion on its own claims and then filed a separate summary judgment motion on Babin's affirmative defenses, Netflix would have 60 pages to pursue such relief. Although summary judgment is not the *relief* Netflix seeks, Netflix's showing and arguments are similar in nature to such motions. Netflix's current motion is well under that 60-page limit.

## CONCLUSION

The relief Netflix seeks here is not sought to burden the Court, but so that Netflix may provide the Court with a full exposition of the relevant evidence and applicable law to justify its request for preliminary injunctive relief arising out of the extraordinary facts at issue in this case. Netflix's motion for a preliminary injunction was filed in March of this year. Since that time, Babin has raised new defenses and Netflix has obtained substantial new evidence in discovery to supports its claims and rebut Babin's defenses. Netflix thus respectfully requests that the Court grant Netflix leave to file Netflix's Amended Motion for Preliminary Injunction, and to exceed the page limits established by Local Rule CV-7 and allow Netflix to file a brief that is no more than 55 pages in length, and accept for filing Netflix's Amended Motion for Temporary Restraining Order and for Preliminary Injunction, which has been separately filed under Local Rule CV-7(k).

Date: <u>September 6, 2022</u>                    Respectfully submitted,

                                        /s/ *Joshua J. Bennett*
                                        E. Leon Carter
                                        Texas Bar No. 03914300
                                        lcarter@carterarnett.com
                                        Linda R. Stahl
                                        Texas Bar No. 00798525
                                        lstahl@carterarnett.com
                                        Joshua J. Bennett
                                        Texas Bar No. 24059444
                                        jbennett@carterarnett.com
                                        Monica Litle Goff
                                        Texas Bar No. 24102101
                                        mgoff@carterarnett.com
                                        **CARTER ARNETT PLLC**
                                        8150 N. Central Expy, Suite 500
                                        Dallas, Texas 75206
                                        Telephone: 214-550-8188
                                        Facsimile: 214-550-8185

                                        and

                                        David M. Prichard
                                        State Bar No: 16317900
                                        Direct Line: (210) 477-7401
                                        E-mail: dprichard@prichardyoungllp.com
                                        **PRICHARD YOUNG, L.L.P.**
                                        10101 Reunion Place, Suite 600
                                        San Antonio, Texas 78216
                                        (210) 477-7400 – Telephone
                                        (210) 477-7450 – Facsimile

                                        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 31, 2022, lead counsel for Netflix and lead counsel for Babin met and conferred concerning the relief sought in this motion. Despite that conference, the parties could not reach agreement on the relief Netflix requests in this motion. Netflix therefore submits the matter to the Court for resolution.

                                        /s/ *Joshua J. Bennett*
                                        Joshua J. Bennett