IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| NETFLIX, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:22-cv-00031 |
| | § | |
| LUCAS BABIN, | § | |
| Defendant. | § | |

### NETFLIX, INC.'S UNOPPOSED MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN SUPPORT OF NETFLIX'S MOTION FOR PRELIMINARY INJUNCTION

*Cuties* is a mainstream movie that may be viewed on Netflix. And "the average person understands that . . . mainstream movies use nonchild actors, depict sexual activity in a way that would not rise to the explicit level necessary under the statute, or, in most cases, both." *United States v. Williams*, 553 U.S. 285, 301–02 (2008). But Babin is not "the average person." He has actual experience in filming mainstream movies.[1] Yet Babin pursued and obtained an indictment against Netflix based on a scene from *Cuties* where a dancer ("Jane Doe")—an adult woman—flashes her breast for a fraction of a fraction of second,[2] and even after Netflix told him that Jane Doe was an adult.[3]

Babin claims he had probable cause to believe Jane Doe was a child based solely on watching her dance in that one scene, despite Netflix's contrary notice and what even average people know.[4] Babin performed no investigation into Jane Doe's age and has insisted further that without a passport or some other similar document (for which he never asked), nothing prohibited him from pursuing the "Jane Doe"

---

[1] Hr'g Tr. at 122–23 (Sept. 14, 2022).
[2] Doc. 70-5.
[3] *Compare* Doc. 97 at 10 ¶ 64, *with* Doc. 101 at 5 ¶ 64 ("Admit").
[4] Hr'g Tr. at 142–44 (Sept. 14, 2022).

indictment against Netflix.[5] That passport, which Netflix obtained October 31, 2022, was produced to Babin on November 4, 2022, and proves what even average people knew—Jane Doe was an adult when she filmed her scenes.[6] Although in conferring on this motion, Babin indicated he may dismiss "Jane Doe" indictment upon "verifying" the passport's veracity, his concession changes nothing here. The charge should never have been brought. Babin never had probable cause to pursue it. Netflix therefore moves to supplement the record with this new and definitive proof of why Babin's underlying prosecution is baseless and why injunctive relief is warranted here.

Local Rule CV-7 provides that once a motion, response, reply, and sur-reply are filed, "[a]bsent leave of court, no further submissions on the motion are allowed." Although Local Rule CV-7 does not articulate the showing required of a party seeking leave to amend or supplement a motion previously filed, the Court had broad discretion to manage its docket and thus discretion to grant leave to amend or supplement. *E.g., Prudhomme v. Teneco Oil Co.*, 955 F.2d 390, 392 (5th Cir. 1992) (recognizing that district courts have broad discretion to manage their dockets).

This Court should grant Netflix leave to supplement the record with Jane Doe's declaration because that declaration was unavailable before the preliminary injunction hearing. Jane Doe is well outside the Court's subpoena range, and it was only after the hearing that Netflix was able to obtain Jane Doe's declaration. Netflix therefore asks that the Court grant the motion and supplement the record with Jane Doe's declaration.

---

[5] After several nonresponsive answers to the Court's own questions, Babin admitted that the sole basis of his probable cause determination was the film. *See* Hr'g Tr. at 141–44 (Sept. 14, 2022).
[6] Doc. XX-1.

| | |
|---|---|
| Date: November 7, 2022 | Respectfully submitted, |

                                          */s/ Joshua J. Bennett*
                                          E. Leon Carter
                                          Texas Bar No. 03914300
                                          lcarter@carterarnett.com
                                          Linda R. Stahl
                                          Texas Bar No. 00798525
                                          lstahl@carterarnett.com
                                          Joshua J. Bennett
                                          Texas Bar No. 24059444
                                          jbennett@carterarnett.com
                                          Monica Litle Goff
                                          Texas Bar No. 24102101
                                          mgoff@carterarnett.com
                                          **CARTER ARNETT PLLC**
                                          8150 N. Central Expy, Suite 500
                                          Dallas, Texas 75206
                                          Telephone: 214-550-8188
                                          Facsimile: 214-550-8185

                                          and

                                          David M. Prichard
                                          State Bar No: 16317900
                                          Direct Line: (210) 477-7401
                                          Email: dprichard@prichardyoungllp.com
                                          **PRICHARD YOUNG, L.L.P.**
                                          10101 Reunion Place, Suite 600
                                          San Antonio, Texas 78216
                                          (210) 477-7400 – Telephone
                                          (210) 477-7450 – Facsimile

                                          **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

    I hereby certify that on November 7, 2022, lead counsel for Netflix and lead counsel for Babin met and conferred concerning the relief sought in this motion. Despite that conference, Babin indicated he is unopposed to the relief sought in this motion.

                                                                */s/ Joshua J. Bennett*
                                                                 Joshua J. Bennett